# Bragg *v.* Clark.

### *Action for Professional Services as Attorney.*

*Competency of parties as witnesses; exception as to suits by or against executors or administrators.* — In an action by a surviving partner, to recover a debt due to the late partnership, the defendant is a competent witness for himself (Rev. Code, § 2704), and may testify as to transactions with the deceased partner; such a case does not come within the exception to the statute, as to suits "by or against executors or administrators."

APPEAL from the Circuit Court of Greene.
Tried before the Hon. L. R. SMITH.

[Bragg v. Clark.]

JOHN G. PIERCE, for appellant.

J. B. & T. C. CLARK, *contra.*

PETERS, C. J. — All the questions presented by the assignments of error in this case, involve the construction of section 2704 of the Revised Code. Clark, the appellee, as the surviving partner of Hale & Clark, late partners in the practice of the law, sued Bragg, the appellant, in the court below, for the amount of a fee for services rendered him by Hale & Clark, in the lifetime of Hale, who died before this action was commenced. The suit was commenced on the 19th day of September, 1866, and the judgment was rendered on the 12th day of November, 1872. The complaint is in the usual form, in the name of " Thomas C. Clark, surviving partner of the late firm of Stephen F. Hale and Thomas C. Clark, under the firm name of Hale & Clark ". against " Daniel Bragg." The only intimation that there was any plea filed or pleaded by the defendant, is what is said in the final judgment, which is this : " and issue being joined between the parties, came a jury," &c. On the trial, the defendant (Bragg) offered himself as a witness, to prove that he had paid all, or a portion of the sum sued for, to Hale in his lifetime, who had since died, and who was then the partner of the plaintiff. Upon objection by the plaintiff, he was not allowed to testify as to any transaction with Hale, the deceased partner. He also offered himself as a witness, to contradict the testimony of the plaintiff, that the sum he had paid to Hale had been paid on another demand, and not on the claim for which this suit is brought. Upon objection by the plaintiff, he was again excluded by the court, as incompetent under the statute to testify as he proposed. To these rulings the defendant excepted, and these exceptions are the grounds of his assignments of error in this court.

The section of the Code, under authority of which the appellant, who was defendant in the court below, claims to be a competent witness in this case, is in these words: " In suits and proceedings before any court or officer, other than criminal cases, there must be *no exclusion of any witness*, because he is *a party*, or *interested in the issue tried ;* except that, in suits or proceedings by or against executors or administrators (as to which a different rule is not made by the laws of this State), neither party shall be allowed to testify against the other, as to any transaction with, or statement by the testator or intestate, unless called to testify thereto by the opposite party." Rev. Code, § 2704.

There is no need of construction, when the language of the

law is plain. Smith's Com. p. 627, § 478 ; 9 Port. 266. If there is nothing to construe, and the words and purpose of the act are without doubt, and unambiguous, then the act cannot be extended beyond the plain meaning of the words. In such a case, there is nothing left for the court to do, but to enforce the law. 5 B. & A. 142. "If the words of a law express clearly the sense and intention of the law, we must hold to that." Smith's Com. p. 619, § 465. The section of the Code above quoted, which establishes a general rule, that makes all parties, irrespective of interest in the suit or in the issue, competent witnesses, does not contain an ambiguous word or expression. About the words, and their meaning, there is not the slightest uncertainty. The language is, that " no exclusion," on account of interest in the suit or the issue, shall be allowed. But to this general rule, thus plainly expressed, there is one exception, which is expressed with equal plainness and distinctness. The question, then, is not as to the meaning of the general rule, but as to the exception to the general rule. Are there other cases, besides those mentioned and defined in the act, which exclude a party on account of interest in the suit and the issue ? This is the true question for decision. There is no doubt as to the meaning of the words in the exception. This is perfectly clear and unambiguous. If there had been no exception whatever mentioned in the act, then all persons, in all cases, would have been competent witnesses, who were of sufficient understanding to testify. On the other hand, if but one person, or class of persons, is excepted, then it would seem to be an abuse of judicial authority to go beyond this person or class of persons, and apply the exception to others not named, because they might fall within the reason of the exception.

The exception to the general rule of a statute is to be more closely construed than the statute itself. It is legitimate to interpret such an exception to a general clause of the act, as if it had been expressed as a *proviso*. " A proviso carves special exceptions only out of the enacting clause." STORY, J. 15 Pet. 165. When this is the case, to use the language of Judge STORY, in the case just above referred to, " we are led to the general rule of law, which has always prevailed, and become consecrated almost as a maxim in the interpretation of statutes, that where the enacting clause is general in its language and objects, and a *proviso* is afterwards introduced, that *proviso* is construed strictly, and takes no case out of the enacting clause, which does not fall fairly within its terms." *U. S.* v. *Dickson*, 15 Pet. 141, 165. If we add to this rule the further qualification, that " no sentence, or form of words, can have more than one true sense " (Lieber's Hermen. p. 86),

[Noles v. Marable.]

then the words used in the Code, creating the exception therein expressed, should be confined to the persons mentioned. This is what a strict construction requires. *Lock* v. *Miller*, 3 S. & P. 13. The words of the Code confine the exception to " suits or proceedings by or against *executors* or *administrators*." This is not such a suit. The exception did not apply in this case. And the court erred in excluding the defendant as a witness, on both the grounds above stated.

The judgment of the court below is reversed, and the cause is remanded for a new trial.

SAFFOLD, J. — I concur in the judgment of reversal, on the ground of the unity of the partnership.