## McRae, Adm'r, v. Holcomb.

1. **WITNESSES:** *Parties in actions for or against deceased parties.*
   The provision in the constitution of 1874 which prohibits parties in actions by or against administrators, executors or guardians from testifying as to transactions or statements of the testator, intestate or ward, applies only to the parties to the record, and does not exclude one who has an interest in the result, but is not a party to the record.

2. **STATUTES:** *Proviso. Construction of.*
   The office of a proviso is to restrain or modify the enacting clause of a statute; and where the enacting clause is general in its language and objects, and is followed by a proviso, the proviso is construed strictly,

and takes no case out of the enacting clause which does not fall fairly within its terms. A proviso carves out of the enacting clause only special exceptions within the words as well as within the reason thereof.

APPEAL from *Nevada* Circuit Court.
Hon. L. A. BYRNE, Circuit Judge.

*Smoote, McRae & Hinton* for appellant.

All that portion of Powers' evidence as to conversation and transactions between him and deceased comes within the rule of exclusion in *Const. 1874, schedule, sec. 2.* Not witihin the letter, but within its spirit and meaning. Powers was directly interested and as much a party to the suit as if his name had appeared in the record as such. The judgment for appellee is, in effect, a judgment for Powers, in that it releases him from obligation.

*Montgomery & Hamby* for appellee.

Powers was a competent witness. He was not a party, and the proviso in *Const., sec. 2, schedule,* does not disqualify him. *35 Ark., 247; 37 ib., 195; 12 Otto, 163.*

SMITH, J. This appeal is from a judgment rendered in favor of Holcomb against McRae as administrator of John A. Crossland. The action was upon a promissory note, made by the deceased and alleged to have been lost or mislaid. Upon the trial, one Powers, not a party to the action, was introduced as a witness for the plaintiff and was permitted, against the objection of the defendant, to give evidence of sundry transactions and conversations had with Crossland, touching the matter in controversy. The ground

of the objection was that Crossland was dead, and that the witness was interested in the issue to be tried. The ruling of the court, in the admission of the testimony, is the only error complained of.

Powers swore, in substance, that he was the agent of Holcomb, who lived in Texas, and that, as such agent, he had sold to Crossland a tract of land in Nevada county for $560; that Crossland received the customary bond for title, paid one-fourth of the purchase money in cash, and for the residue made his three notes, payable to Holcomb and due respectively at six, twelve and eighteen months; that witness retained the notes for collection, and about the date of the maturity of the first note, Crossland called to pay it; that witness took the notes from his safe, the three being pinned together, computed the interest to date, indorsed the amount thereof, $6.50, on the first note, as he thought, received the $146.50, and surrendered the note; that about the time the second note matured, Crossland directed him to procure a deed from his principal, as he wished to pay off the whole debt, and when the deed arrived he was informed by McRae, then Crossland's attorney, and now his administrator, that the title bond and balance due on the land had been left with him; that witness could find but one note—the third—which was surrendered to McRae on payment of the principal and interest, $158.50, and the deed was delivered; that witness transmitted the money to his principal, who immediately wrote back that another payment was still due; that witness at once informed McRae that there was a mistake, one note being still unpaid, and requested him not to give up the deed to Crossland until the mysterious disappearance of the second note could be looked into; that witness soon after saw Crossland and demanded the unpaid installment, and Crossland replied: "Produce the note and I will pay it;" that witness

did not know that the note was in Crossland's possession until his death, which occurred soon afterwards, and witness was unable to say how it came into his hands, but supposes that when Crossland paid the first note, he surrendered the first and second also; that Crossland had never paid but three installments, nor had witness intended to part with the second note; and that witness considered himself morally and legally bound to make good the loss to his principal if the present action should go against him. The second note was produced in court, having been found among the papers of the intestate, and bore upon the back of it, in Powers' handwriting, the indorsement, "interest, $6.50," which he evidently intended to place upon the first note.

McRae was the only witness that was examined, and he corroborated the statements of Powers, so far as his own connection with the transaction extended, but went on to say that when he reported to his client what Powers had said about the mistake and that one payment was still due, Crossland claimed to have paid the note.

Section 2, in schedule to the constitution of 1874, is as follows: "In civil actions no witness shall be excluded because he is a party to the suit or interested in the issue to be tried; provided, that in actions by or against executors, administrators, or guardians, in which judgment may be rendered for or against them, neither party shall be allowed to testify against the other, as to any transactions with or statements of the testator, intestate or ward, unless called to testify thereto by the opposite party." *1. Witnesses against deceased parties.*

It is admitted that the exclusion of Powers is not demanded by the words of this provision, but it is contended that so much of his testimony as relates to conversations and transactions between himself and the deceased is incompetent, if the provision is to be interpreted according

to its spirit and reason. This question is virtually settled by *Bird v. Jones, 37 Ark., 195,* and *Nolen v. Harden, 43 Ark., 307,* where it was decided that the persons excluded from testifying as to transactions or statements of testators, intestates and wards are the executors, administrators and guardians on one hand, and their antagonists in the suit on the other, and that persons who are neither pursuing, nor pursued by, the *fiduciaries* are not included in the prohibition. The object was to put the two parties to a suit upon terms of substantial equality in regard to the opportunity of giving testimony. To use the language of *Dr. Wharton* in his *Law of Evidence in Civil Issues, section 466,* when one of the parties to a litigated obligation is silenced by death, the other is silenced by law.

The constitution establishes a general rule that makes all persons who are of sufficient intelligence and not otherwise disqualified, competent witnesses, irrespective of their participation in the suit, or their interest in the result. But to this general rule there is one exception, viz.: Where the action is by or against an executor, administrator, etc., and the witness is a party to the record, he shall not speak of personal transactions with the deceased, where, by the nature of the case, the privilege of testifying cannot be reciprocal. But mere interest in the issue to be tried does not disqualify.

2. PROVISO: Office of. The office of a proviso is to restrain or modify the enacting clause of a statute. Hence "the general rule of law, which has always prevailed and become consecrated almost as a maxim in the interpretation of statutes, that when the enacting clause is general in its language and objects, and a proviso is afterwards introduced, that proviso is construed strictly, and takes no case out of the enacting clause which does not fall fairly within its terms. In short, a proviso covers special exceptions only out of

the enacting clause; and those who set up any such exception must establish it as being within the words as well as within the reason thereof." *U. S. v. Dickson, 15 Peters, 165, per Story, J.*

Our constitutional provision is identical in purport, and very nearly in language, with section 858 of the revised statutes of the United States. In *Potter v. National Bank, 102 U. S., 163,* such evidence as Powers delivered in this case was declared admissible. It is there said:

"The first clause of that section shows that there was in the mind of congress two classes of witnesses—those who were parties to the issue—that is, parties to the record; and those interested in the issue to be tried—that is, those who, although not parties to the record, held such relations to the issue that they would lose or gain by the direct legal operation and effect of the judgment.  *  *  *  The proviso  *  *  *  excludes only one of the classes described in its first clause,—those who are, technically, parties to the issue to be tried—and we are not at liberty to suppose that congress intended the word 'party,' as used in that proviso, to include both those who, according to the established rules of pleading and evidence, are parties to the issue, and those who, not being parties, have an interest in the result of that issue."

The same conclusion has been reached by other courts in construing similar statutes. *Tooker v. Davis, 47 Mo., 140; Wiltingham v. Smith, 48 Ga., 580; Bragg v. Clark, 50 Ala., 363; Blood v. Fairbanks, 50 Cal., 420.*

Judgment affirmed.