# Jones *v.* Gainer, *et al.*

*Bill for Specific Performance.*

(Decided June 18, 1908. 47 South. 142.)

1. *Frauds; Statute of; Contract for Sale of Land.*—A parol contract for the sale of land is not void where the purchaser pays the purchase money or a part thereof, and is put in possession by the vendor. (Sec. 4289, Code 1907.)

2. *Same; Delivery of Possession by Vendor's Agent; Necessity of Written Authority.*—Where a purchaser pays the purchase money or a part thereof, and is put in possession of the land by the vendor's agent, the delivery of possession by the agent under oral authority

[Jones v. Gainer, et al.]

from the principal is sufficient to satisfy the statute; so the putting in possession by an agent without authority is sufficient if his act is orally ratified by his principal.

3. *Specific Performance; Enforcement Refused; Relief Awarded.*— Where the bill is for specific performance of an oral contract for the sale of land and contains the averment that the complainant purchaser made improvements on the faith of the contract, on determining that performance cannot be enforced, the bill should not be dismissed, but should be retained for the purpose of awarding complainant compensation for the improvement, as complainant is entitled to have a lien declared for his re-imbursement and to accomplish that end he has no adequate legal remedy.

4. *Same; Laches; Effect of Possession.*—Where one who purchases land under a verbal contract and takes and retains possession thereof with the consent of the owner his mere delay in bringing suit for specific performance would not constitute a bar. thereto where he has never been put in default by any act of the vendor.

APPEAL from Geneva Chancery Court.

Heard before Hon. W. L. PARKS.

Bill by Henry Jones against W. H. Gainer and others for the specific performance of a parol contract for the sale of land. From a decree dismissing the bill complainant appeals. Reversed and rendered.

C. D. CARMICHAEL, for appellant. The bill was not barred by staleness of demand.—*Tredwell v. Torbert,* 122 Ala. 300; Pom. Eq. sec. 419; 12 A. & E. Ency. of Law, 533; *Hancy v. Legg,* 129 Ala. 619.

W. O. MULKEY, for appellee. The bill is barred by laches.—*Davis v. Williams,* 121 Ala. 547; *Ashurst v. Peck,* 101 Ala. 508; *Haggerty v. Elyton L. Co.,* 89 Ala. 428; *Gentry v. Rodgers,* 40 Ala. 422; *Cole v. Bir. Ry. Co.,* 143 Ala. 427; *Bracken v. Newman,* 121 Ala. 211; *Love v. Butler,* 129 Ala. 649.

TYSON, C. J.—The averments of the bill show that the complainant has paid a portion of the purchase money in pursuance to the terms of sale made with the agent of respondent Gainer, and was put into possesion of the land by the agent under his contract of purchase, and

that since his purchase he has made improvements upon the land to the extent in value of $600. The averments also show that the contract of sale was oral, but it is shown that the agent, by and with the consent and knowledge of his principal, put complainant in possession.

The case made is clearly within the exception provided by subdivision 5 of the statute of frauds (section 4289, Code 1907), unless the agent's authority to put complainant in possession was required to be in writing. The plain purpose of the exception was to make valid all verbal contracts for the sale of lands, or of any interest therein, where the purchaser pays the purchase money, or a portion thereof, and is put in possession by the seller. In short, where the purchase money or a portion of it is paid, and the purchaser is put in possession by the seller, no writing evincing the contract of sale is necessary to the validity of the contract. The factum of a contract of sale, the payment of the purchase money, and the putting of the purchaser in possession may be shown by testimony independent of any writing. If these matters may rest in parol, there is no good reason for holding that the principal may not orally delegate the authority to his agent to put the purchaser in possession, or may not orally ratify such act if done without authority. There is nothing in the language of this subdivision of the statute, or in its policy, which requires such a delegation of authority to be in writing, or which prevents the application of that familiar maxim of the law, "Qui facit per alium facit per se."

There is also another consideration why the bill should not have been dismissed. The rule is well established in this jurisdiction that a bill, brought by a purchaser, to compel specific performance of a particular contract of sale, may be retained, notwithstanding the

[Jones v. Gainer, et al.]

enforcement of performance is refused because of a failure to establish by proof the contract as alleged, for the purpose of allowing the purchaser compensation, where it appears that he went into possession and made valuable improvements on the land upon the faith of his contract, if he has not a full and adequate remedy at law. That complainant has not an adequate remedy at law for the improvements made by him is too clear for disputation. He is entitled to have a lien declared, if his averments are true, upon the lands for his reimbursement, and equity alone can declare and enforce such a lien.—*Powell v. Higley,* 90 Ala. 103, 7 South. 440; *Allen v. Young,* 88 Ala. 338, 6 South. 747; *Cowan v. Sapp,* 81 Ala. 525, 530, 8 South. 212; *Irwin v. Bailey,* 72 Ala. 467, 476; *McWilliams v. Jenkins,* 72 Ala. 480, 486; *Aday v. Echols,* 18 Ala. 353, 52 Am. Dec. 225.

The chancellor seems to have dismissed the bill upon the ground of laches; and the correctness of this holding is asserted and attempted to be sustained by appellees' counsel. A number of cases decided by this court are cited and relied on as supporting the ruling and the contention made. An examination of these will readily disclose that they are not applicable to this case. In no one of them had the complainant been put into possession under his contract of purchase, remaining continuously therein under the contract. It is this fact, together with the further fact that complainant has never been put in default, that differentiates this case from those cited by appellees' counsel. The principle here controlling, in the language of Mr. Pomeroy, is this: "In determining what amount of mere delay in briging this suit will defeat the plaintiff's claim to specific performance, or, in other words, what lapse of time, after its right of action accrued, will render the demand stale, the rule prevails in equity, as in law, that while the

plaintiff is in possession under an assertion and exercise of right the lapse of time does not prejudice his remedial right. If the vendee, therefore, takes and retains possession of the premises with the vendor's consent, his mere delay in bringing a suit, or even in paying the price, will not prevent him from compelling a conveyance upon a subsequent payment or tender of the amount due; nor will his right to the relief be cut off until the vendor places a limit to the lapse of time by a demand of payment at or before a specified day, and by notice that the agreement will be rescinded unless the demand is complied with, and the vendee's default thereon. The defendant, in order to avail himself of the plaintiff's delay as a defense, must have performed, or been ready and willing to perform, all of the terms of the contract on his own part."—Pomeroy on Contracts, § 404, and cases cited in note; *Tate v. Pensacola Gulf Co.*, 37 Fla. 439, 20 South. 542, 53 Am. St. Rep. 251; *New Barbadoes Toll Bridge Co. v. Ureeland*, 4 N. J. Eq. 157; 26 Am. & Eng. Ency. Law (2d Ed.) p. 81, and cases cited in note.

The decree dismissing the bill was erroneous, and must be reversed. A decree will be here rendered, overruling the motion to dismiss the bill.

Reversed and rendered.

DOWDELL, SIMPSON, ANDERSON, and DENSON, JJ., concur.

HARALSON, J. (dissenting). The bill shows that Wm. H. Gainer, on the 13th of March, 1888, was the owner of the lands described in the bill, and that he and his brother, James, were partners in the timber and mill business, as W. H. Gainer & Co., and that, according to complainant's best information and belief (the averment not being made that it was a fact), Joe Beall and Mary Ellis were also partners in said firm; that on the

date named, said Beall was acting as general manager of the business of said partnership, and was in the actual charge and control of said business, and as such, was in possession of said lands.

It is further alleged that on or about the 13th of March, 1888, said Beall, "in his capacity of general manager for said firm," of the lands described, and "representing said partnership, agreed, promised, and contracted with complainant, to sell and convey to him said lands," on the terms set out in the fourth paragraph of the bill; and the averment is made that "'said contract with reference to the sale of said lands, as herein set out, was not in writing, but was made verbally."

Complainant avers that, not knowing that Beall was authorized to make said contract, he, complainant, informed W. H. Gainer of the trade, and he said it was all right; that said Beall, acting as general manager for said W. H. Gainer & Co., and by and with their knowlege and consent, placed complainant in the possession of said lands, in April, 1888, and since that time, and up to the filing of this bill, on the 13th of February, 1906, he has continually resided upon said lands and held the actual and notorious possession of them under claim of ownership.

The bill further avers that in the year 1889, or 1890, the said W. H. Gainer, without complainant's fault, discharged complainant from the service of Gainer & Bro., "and declined, failed and refused to make with complainant any settlement" either with the firm of Gainer & Co., or with the new firm of Gainer & Bro.

It is further shown that, in 1888, W. M. Gainer and James Gainer mortgaged said land to one Henry Baars, which mortgage was foreclosed by Baars in chancery, and the lands were purchased by The Pensacola Land Company, and they were sold by them, and successive

sales and conveyances were made to other third parties, the last purchasers being Sellers, Ballard & Co., made parties, with other purchasers, to this bill, each of whom denies the right of complainant to a conveyance of said lands.

The bill fails to aver that said W. H. Gainer placed complainant in possession, or has ever recognized complainant's right or title to the land, or that complainant has paid him the purchase money therefor; or that said Beall, as his agent, or the agent of any firm of which he was a member, had any written authority to sell or dispose of said lands to complainant.

It is shown that on the 26th of December, 1903, the Berry Lumber Company, one of the defendants, brought suit in the Geneva circuit court against complainant, to recover said lands, which suit is still pending.

The prayer of the bill was for a perpetual injunction against W. H. Gainer, and the other defendants, from bringing or prosecuting any suit for the recovery of said lands, and that complainant's contract for the purchase of the same, be specifically enforced.

A motion was made to dismiss the bill for want of equity, which motion the chancellor granted, and dismissed the bill. The appeal is to reverse that decree.

The contention of the defendant is that, without such written authority, any contract made by Beall to sell or dispose of said lands was void, as offensive to the statute of frauds; that, even if he had been armed with such written authority, the bill having been filed more than 10 years after said contract was made, the cause of action, if it ever existed, is barred by the statute of limitations of 10 years, and that the bill was, also, properly dismissed for want of equity on account of the laches of complainant, for the reason that 18 years, or more, have elapsed since the contract was entered into, and the filing of the bill.

The contention of complainant's counsel is that the statute of frauds does not apply, and that laches and limitation of 10 years against complainant cannot be invoked, because complainant when he made the contract with Beall, as the general manager of W. H. Gainer & Co. for the sale of said lands, was by said Beall placed in possession of the lands, which he has since retained.

The case of *Elliott v. Bankston, Post,* 45 South. 173, seems to sustain the position of defendants as to the statute of frauds. Section 2152 of the Code of 1896 provides that every agreement is void, for the sale of property, unless the same is in writing and subscribed by the party to be charged therewith, or by some other person thereunto lawfully authorized in writing; and subdivision 5 of that section ingrafts an exception in favor of leases for a term not longer than one year, unless the purchase money, or a portion thereof, be paid, and the purchaser be put in possession of the land by the seller.

In the case referred to, it was said: "The letter of the exception requires that the seller put the purchaser in possession of the land. No provision is made for the performance of this duty by another. * * * Assuming that the duty may be committed to an agent, we think there is no other construction possible or wise, than that the agent must hold the written authority of the seller, if his act of putting the purchaser in possession is to invoke the benefit of the exception. If no written authority to the agent were requisite, the essential act by which the condemnation of the statute is avoided would rest in parol; a condition against which the statute is primarily directed, and to forbid which is the idea for its existence."

It is not denied that Beall had no written authority to make the sale to complainant, nor is it shown that any of the purchase money was paid to W. H. Gainer.

15 R

[Jones v. Gainer, et al.]

This case seems to settle the contention as to the statute of frauds in favor of defendants; and recognizing the force of the decision to that end, the complainant's counsel vigorously assails that decision, and insists that it be overruled. This we are not convinced we ought to do.

Perhaps nothing more need be said to sustain the decree of the chancellor.

The great delay of complainant to assert his rights by appropriate action—some 18 years—places the ban of laches upon him, from which his averment of possession does not relieve him. He knew, all the while, he had nothing but an oral contract entered into by an agent; that Gainer did not during all that time recognize his right; that he had assumed to mortgage the property, and that in 1888, or 1890, as the bill avers, he discharged complainant from the service of Gainer & Bro., and declined and refused to make with complainant any settlement with the firm of Gainer & Company or with Gainer & Bro.—*Davis v. Williams,* 121 Ala. 547, 25 South. 704; *Ashurst v. Peck,* 101 Ala. 508, 14 South. 541; *Haggerty v. Elyton Land Co.,* 89 Ala. 428, 7 South. 651; *Gentry v. Rogers,* 40 Ala. 442; *Cole v. Birmingham U. R. Co.,* 143 Ala. 427, 39 South. 403; *Scruggs v. Decatur, etc., Co.,* 86 Ala. 173, 5 South. 440.

It is unnecessary to consider the statute of limitations of 10 years, though, possibly, that is also applicable.

McClellan, J., concurs.