# Elliott *v.* Bankston.

*Action for Breach of Lease Contract*

(Decided Feb. 5, 1909.  49 South. 76.)

1. *Frauds; Statute of; Leases; Necessity for Writing.*—A lease of land for six years must be in writing, else it is within the statute of frauds.  (Sec. 2152, Code 1896.)

2. *Same; Statutory Exceptions; 'Possesion.*—Althought the statute required that a lease for a longer term than one year shall be in writing yet where the lessor's agent put the lessee in possession of the land, although only verbally authorized to do so, such possession took the lease without the statute of frauds although it was for a six year term.  (McClellan, J., dissents in part.)

APPEAL from Etowah Circuit Court.

Heard before Hon. W. W. HARALSON.

[Elliott v. Bankston.]

Action by W. M. Bankston against J. M. Elliott, Jr., for damages for the breach of a lease. contract. There was judgment for plaintiff and defendant appeals. Reversed and remanded.

DORTCH, MARTIN & ALLEN, for appellant. The declarations of an agent as to bygone transactions are not admissible against his principal, nor are bygone transactiaons themselves admissible when they lie outside of the agency attempted to be shown.—12 Ala. 252; 30 Ala. 553; 61 Ala. 139. The attempted lease was violative of the statute of frauds.—*Norman v. Molett,* 8 Ala. 546; 69 Ala. 358; Brown on Statutes of Frauds, par. 263; 50 Ala. 365; 21 A. & Ency of Law, 676; 15 Peters 141.

GEORGE D. MOTLEY, for appellee. The plaintiff on the undisputed evidence in this case entered into the possession of the land under the contract with Gardner as agent and paid his rent for two years and also put from 160 to 200 loads of manure on the land for rent as provided in said contract. The admission of illegal testimony or the rejection of legal testimony by the court on other matters than the taking of possession or the payment of rents is no cause for reversal.—*Harrison v. Parmer,* 76 Ala. 157. *Baker v. Barclift,* 76 Ala. 414. Where the uncontroverted facts clearly establish the plaintiff's right to recover, erroneous rulings on evidence adverse to the defendant, which would not vary the result, are error without injury.—*Harrison v. Parmer,* supra. When, on the undisputed facts of a case, the plaintiff is entitled to the general affirmative charge, any errors committed by the cout in special rulings are not grounds of reversal at the instance of the defendant; since such rulings could not have injured him.—*Bowling v. M. & M. Ry. Co.,* 128 Ala. 550. On the un-

disputed facts plaintiff is entitled to the affirmative charge in his favor. This being true, the exception reserved by the defendant to the introduction and exclusion of testimony, which did not in the remotest degree tend to produce a conflict in the evidence under which plaintiff was entitled to recover are of no.avail.—*Marx v. Miller*, 134 Ala. 347-353; *The B. W. S. Co. v. Mobile*, 125 Ala. 178; *Glass v. Meyer*, 124 Ala. 332.

McCLELLAN, J.—This action, instituted by the appellee against the appellant, sounds in damages for the breach of a contract for rental of real estate for a term of six years; an eviction of the appellee under title paramount being averred in the complaint. The several issues present in the case are raised by pleas of the general issue, of the statute of frauds, of non est factum, and of recoupment. The contract, upon which alone the suit is founded, is in writing, and purports to be an engagement of the tenor stated in the complaint, and to be executed by one Gardner as agent for appellant. Objection to its introduction in evidence, on the ground that the alleged agent was not shown to be; in writing, authorized to execute it, was overruled, and exception taken. This action, and others along the same line, of the court, presents the important question in the case.

Under our statute of frauds (Code 1896, § 2152) leases of real estate, of the duration here involved, must be in writing and conform in structure and execution to the requirements enacted, unless the invocation of the exception provided in subdivision 5 saves the contract from the penalty of the statute. It is expressly required that, if the contract is to escape the ban of the statute, and its subscription is by another than the party to be charged thereby, the agent in the premises must be thereunto lawfully authorized in writing.—*Thompson v. New*

*South Coal Co.,* 135 Ala. 630, 34 South. 31, 62 L. R. A.
551, 93 Am. St. Rep. 49. Pretermitting, for the present,
consideration of the exception mentioned, the primary
inquiry is whether the contract, sufficient as it is in
other respects, was executed for appellant by one duly
authorized? The plaintiff undertook to show the neces-
sary authority by the introduction of two letters passing
between the parties. It is obvious that these letters had
reference only to the three-year agreement, which the
plaintiff himself testified "fell through" before the al-
leged contract in suit was made. These letters relate
to matter of dispute as to what character and what
amount of fencing the appellee under the latterly aban-
doned agreemeent should construct. They had no ref-
erence to a new and different contract. Their whole
purpose and effect passed away when the agreement to
which they referred was abandoned. So these letters are
no evidence of Gardner's authority to bind the appellant
to a subsequent six-year lease. The only other testimony
introduced to establish the authority of Gardner to val-
idly execute the writing in question was that of the wit-
ness Hicks, who testified that he read a paper, held by
Gardner, purporting to be signed by appellant, and
whose signature it, in his opinion, was, by which Gard-
ner was authorized, as appellant's agent "to rent and
lease any land I control, and to receive and receipt for
all rents." Notwithstanding defendant's objection that
the testimony was secondary, and that the proper predi-
cate for its introduction had not been laid, it was admit-
ted. The objections stated were clearly well taken, and
should have been sustained. The numerous declarations
of this court, announcing the rule applicable here, are
collated in 3 Mayfield's Dig. p. 511 et seq., and 5May-
field's Dig. p. 306 et seq, respectively.

159—30

According to the contention of counsel, this brings us to the consideration of the effect of the exception contained in subdivision 5 of the statute of frauds. It reads: "Unless the purchase money, or a portion thereof, be paid, and the purchaser put in possession of the land by the seller."—*On the authority of Jones v. Gainer,* 157 Ala. 218, 47 South. 142, the majority of the court hold that the agent of the seller verbally, but not in writing, so authorized, may put the purchaser in possession and thus invoke the quoted exception.—*Jones v. Gainer, supra,* expressly overruled the present case, then already delivered at that term. But the writer acting on the view that, if still within the power of the court (during the same term), the repudiated decision should be recalled, and the law applied to all litigants alike, placed this case on the rehearing docket and recalled the certificate. The court, in due course, rules in this case as it did in *Jones v. Gainer.* I am unable to concur in the conclusion of the majority for the following reasons:

First. The provision in question is an exception or proviso to the statute of frauds, and must be so strictly construed as to confine its effect to those cases only failing fairly within the terms of the exception or proviso. —*U. S. v. Dickson,* 15 Pet. 141, 10 L. Ed. 689; *Bragg v. Clark,* 50 Ala. 363; *Ex parte Lusk,* 82 Ala. 519, 523, 2 South. 140; *Heflin v. Milton,* 69 Ala. 354.

Second. The exception makes no provision for the acts (that must concur), viz., reception of payment of the purchase money, in whole or in part, and the installation of the purchaser in possession, so as to avoid the ban of the statute, to be performed by any other than the seller, him who is to part with his estate.—*Linn v. McLean,* 85 Ala. 253, 40 South. 777.

Third. The exception intended the two acts, viz., reception of payment, in whole or in part, and the placing

[Elliott v. Bankston.]

of the purchaser in possession, to be inter parties, between the purchaser and the owner. To interject a merely verbally authorized agent is to affirmatively invite the very mischief intended to be cured by the statute. Brickell, C. J., in *Heflin v. Milton*, wrote: "There can be no relaxation of the requisitions of the statute, without introducing the mischief intended to be avoided."

Fourth.. If an owner may delegate the authority to sell or lease, for a longer term than one year, his land by the reception of payment and the installation of the purchaser, then certainly the spirit and purpose of the statute of frauds is ignored, if such authority may exist only in parol. Since before the statute an agent merely verbally authorized could bind the owner to a sale or leasing of his land, it is inconceivable that the enactment should have left unrestricted the authorization of an agent to do an act which the statute provides shall avoid the condemnation thereof, just as it is inconceivable that the farmer would restore his leveled fence around his growing crop and at the same time leave permanently open a broad gate thereto. The object of the statute was to forestall, for reasons too familiar to need restatement, parol agreements touching the subjects enumerated; and the only exception is that written in the subdivision 5. If it had been the legislative purpose to leave unrestricted the field of agency under the exception, it is manifest that the expression "by the seller" would not have been written, or the addition of the expression "or by his agent" would have been made.

Fifth. In *Heflin v. Milton*, it is said: "It is as offensive to its letter, spirit, and policy that a purchase of lands by a fraud or perjury, of by the uncertainties of parol evidence, be forced upon the one party, as that the owner of lands should be deprived of his estate by fraud or perjury, or evidence resting in parol." If the seller may

be deprived of his estate by the act of an agent merely verbally authorized, surely the mutuality of the provisions of the exception would apply to the purchaser as well; and, if so, a merely verbally authorized agent of the ostensible purchaser could make the payment, which may be only in part, and be placed in possession by the seller's merely verbally authorized agent, and the exception would be met. Sale and purchase of lands would be complete, and the whole transaction would rest in parol. If the statute and its exception permits, much less contemplates, such a result, then has it not failed in a most material feature of its object?

To proceed: The effect of the ruling of the majority is to justify the court in refusing special charges 1, 2, and 3, requested by the defendant. This question was propounded to the plaintiff: "Whether or not he had ever rented other lands from Gardner as the agent of Elliott and paid rent to him? The interrogatory was not within the principle announced in *Hill v. Helton,* 80 Ala. 538, 1 South 340. Besides, as a general rule, acts or declarations of a reputed agent are not admissible to show the fact of his agency.—*George v. Ross,* 128 Ala. 666, 29 South. 651; *McDongald v. Dawson,* 30 Ala. 553. To the plaintiff, in rebuttal, was propounded this question: "What would you have made on the place in the remaining years of the lease, if the manure provided for by the contract had been put on the land?" The objection to the question should have been sustained.—*Snodgrass v. Reynolds,* 79 Ala. 452, 58 Am. Rep. 601. Had the inquiry involved a crop already growing, as was the status in the cited case, it is possible the question might have been permissible. But, as is said in that case, "it is different where the land is leased for general and undefined agricultural purposes." The question, as put, obviously invited a speculation.

[Farmers Oil & Mfg. Co. v. Melton & Stuart.]

This disposes of all the questions argued. We have not considered, because not raised, the possible inquiry, on the present state of the pleadings, whether the plaintiff can recover unless it is shown that the instrument sued on was executed by an agent duly authorized to do so, and if not, whether the exception to the statute of frauds can avail. We intimate no opinion in the premises.

For the errors indicated, the judgment is reversed, and the cause is remanded.

Reversed and remanded. All the Justices concur.