## ALABAMA GREAT SOUTHERN R. CO. v. BROWN. (7 Div. 699.)

(Supreme Court of Alabama. March 24, 1927.)

1. Eminent domain ⬅268—Landowner, allowing railroad to improve right of way, cannot eject company, if it is willing to make just compensation for taking.

Landowner, who with knowledge allows railroad to spend large sums of money on improvements of right of way across his land, will be estopped from ousting company by ejectment, if latter is willing to then make just compensation for taking.

2. Eminent domain ⬅303—Measure of damages for taking of land to construct railroad is value or diminution of value at time.

For taking or injury to land by construction of railroad, measure of damages is value or diminution of value at time.

3. Eminent domain ⬅284—Right of action against railroad for compensation for land taken does not pass to landowner's grantee.

Right of action against railroad for compensation for land taken and improved for right of way accrues to the then owner, and does not pass to his grantee.

Appeal from Circuit Court, De Kalb County; W. W. Haralson, Judge.

---

Bill in equity by the Alabama Great Southern Railroad Company against A. J. Brown. From a decree on demurrer, complainant appeals. Reversed, rendered, and remanded.

A. J. Brown brought an action of ejectment against the Alabama Great Southern Railroad Company on the law side of the circuit court. On motion of the defendant, asserting that the matter involved an equitable question, the decision of which would dispose of the action, and which question could not be disposed of at law, the case was transferred to the equity docket of the court, where the defendant in ejectment became the complainant and the plaintiff became the defendant.

The bill alleges that about the year 1907 the Kaolin Company was the owner of the land in suit, except so much thereof as was in possession of the complainant prior to 1907, and which had been necessary in the construction and use of the roadbed of the complainant; that about 1907 complainant entered upon the said land so owned by the Kaolin Land Company, and cleared off a right of way thereon, and erected right of way fences and side tracks thereon, and has since graded and ditched said property, and has erected thereon telegraph and telephone lines, signal towers, stands, wires, and other equipment for the operation of a block signal system; that said side tracks, ditches, telegraph, and telephone lines and signal towers and equipment erected on the property are necessary to the proper operation of a modern, well-equipped railroad; that in doing these things complainant expended large sums of money, and incurred great expense; and that all of said work was done with the knowledge or consent of the Kaolin Land Company, but that said Kaolin Land Company has never interposed any objections to complainant's possession, use, or improvement of the land.

It is further alleged that the strips of land involved, when taken with the land already owned by complainant, and which was necessary for complainant's roadbed, makes a strip of land not over 100 feet wide, and extending 50 feet on each side of the center of complainant's main track of railroad; that since 1907 complainant has continuously used said strips of land for purposes in connection with the operation of its trains, engaged in the common carriage of passengers and freight; that said strips of land are of such area and so situated that complainant could have acquired, by the exercise of its power of eminent domain an easement thereon, giving to it the right to use said lands as they have been used; that, if respondent were permitted to take possession of said strips of land and to oust complainant therefrom, complainant could not safely and expediently operate its trains over said line of railroad, and would suffer irreparable damage and injury in the conduct of its business in the delay in operation, and additional peril to its employ-

es and passengers by reason of the fact that it would be thereby prevented from using its telegraph and telephone lines and block signal system.

It is further alleged that until 1924 the Kaolin Land Company continued to own, subject to complainant's right, title, or interest, the fee in the said strips of land, without protesting or otherwise objecting to complainant's use thereof; that in 1924 defendant Brown purchased at register's sale certain land of the Kaolin Company, and thus acquired the Kaolin Company's title to the fee estate in said strips of land, subject to complainant's rights therein; that at the time of purchase defendant knew that complainant's line of railroad was located in its present position; that said strips were in the possession of complainant, and had been for many years; and that complainant had been and was actually making valuable and extensive improvements thereon, for use in connection with the operation of its railroad; and that defendant did not acquire, by his purchase, any claim, right, or title which conflicts with, or is adverse to, complainant's use thereof.

It is asserted that the Kaolin Land Company is estopped in equity and good conscience to claim at this time that complainant is not possessed of an easement or right of way over said strips, for the purposes stated, and that defendant, as the successor of, and claiming through, the Kaolin Company, is likewise so estopped.

Complainant by the bill "submits itself to the jurisdiction of the court, and offers to do whatever is meet and proper and this court may consider necessary to be done on its part towards making the decree which it seeks just and equitable with regard to defendant A. J. Brown." And it is prayed that a decree be entered declaring that complainant owns an easement for the use and possession of said strips of land for the purposes averred, and that defendant has no claim, right, or title therein adverse or superior to, or in conflict with, said easement of complainant, and perpetually restraining defendant from interfering with complainant's said use and possession. Complainant also prays for general relief.

The demurrer takes the objection that the bill is without equity, for that it fails to set forth a willingness or offer on the part of complainant to pay the reasonable value of the land sought to be condemned, and that the estoppel set forth is available in a court of law.

The trial court sustained the demurrer, and complainant appeals.

Goodhue & Lusk, of Gadsden, for appellant.

Where the owner of lands has knowledge that a railroad company is proceeding to construct railroad tracks, etc., thereon, and al-

lows the company to do so and expend large sums in improvements for such purpose, he will be estopped from ousting the company by ejectment. S. & N. A. v. A. G. S., 102 Ala. 236, 14 So. 747; Southern R. Co. v. Hood, 126 Ala. 312, 28 So. 662, 85 Am. St. Rep. 32; Cowan v. Southern R. Co., 118 Ala. 554, 23 So. 754. The right to damages or compensation for the taking of land for railroad purposes accrues to the owner at the time of the taking and does not pass to his grantee. B. B. R. Co. v. Lockwood, 150 Ala. 610, 43 So. 819; Evans v. S. & W., 90 Ala. 54, 7 So. 758; Roberts v. N. P. R. Co., 158 U. S. 10, 15 S. Ct. 756, 39 L. Ed. 873; N. Y. v. Pine, 185 U. S. 93, 22 S. Ct. 592, 46 L. Ed. 820; S. & N. A. v. A. G. S., supra.

John B. Isbell and Chas. J. Scott, both of Ft. Payne, for appellee.

The bill fails to offer to make compensation and is without equity. Southern R. C. v. Hood, 126 Ala. 312, 28 So. 662, 85 Am. St. Rep. 32; Patterson v. A. C. L., 204 Ala. 453, 86 So. 20.

ANDERSON, C. J. [1] "It is a well-recognized principle that in order to subject the property of another for public use under the doctrine of eminent domain, the proceedings must be as prescribed by our Constitution and statutes, yet we also have a well-established rule that, while a railroad company has no right to enter upon and take the lands of another without his consent or without condemnation proceedings and just compensation for same, if it does enter and construct its track upon the land of another, and the owner has knowledge that the company is proceeding to locate and construct its road on his land, and he allows it to spend large sums of money on improvements for such purpose, he will be estopped from ousting the company by ejectment, if the company is willing to then make just compensation, such as its taking may involve. This rule is, of course, founded upon an equitable estoppel; and, while it protects the railroad from being ousted it does not estop the owner from claiming a just compensation, or relieve the railroad from the payment of same as a condition precedent of enjoining the ouster at law. Southern R. R. v. Hood, 126 Ala. 312, 28 So. 662, 85 Am. St. Rep. 32, and cases there cited." Patterson et al. v. Atlantic Coast Line Railroad Co., 204 Ala. 453, 86 So. 20.

[2, 3] The trial court sustained the demurrer to the bill of complaint upon the theory that it failed to specifically offer to pay the value or damages of or to the property taken and sought to be condemned. Whether such an offer in proper cases should be specifically made, or it would suffice to offer to do equity, as the trial court could require payment as a condition precedent to relief, we need not decide, for the reason that the appellee, Brown, the only respondent, is not entitled to same. It is well settled by the decisions of this and other courts that, for the taking or injury to land by the construction of a railroad, the measure of damages is the value or the diminution of the value at the time, and the right of action accrues to the then owner, which was the Kaolin Land Company, and does not pass to the respondent, Brown, the grantee of said company. Birmingham Belt R. R. v. Lockwood, 150 Ala. 610, and authorities cited on page 617, 43 So. 819, 821.

The trial court erred in sustaining the demurrer to the bill, and the decree is reversed, and one is here rendered overruling same, and the cause is remanded.

Reversed, rendered, and remanded.

SOMERVILLE, THOMAS, and BROWN, JJ., concur.