(116 So. 211)

**BIXLER v. ZEIDMAN et al.   (3 Div. 839.)**

Supreme Court of Alabama.   Dec. 20, 1928.

Ball & Ball, of Montgomery, for appellant.

Rushton, Crenshaw & Rushton, of Montgomery, for appellees.

PER CURIAM. ██ In this case a bill in equity was filed to foreclose a mortgage on personal property. After a decree of foreclosure, ordering a sale of the property, appellant filed a petition of intervention claiming an interest in the property and proceeds of sale. This claim was based upon facts alleged in the petition. The allegations of the petition were denied by answer. In this state of the pleading, the burden was on appellant, as intervener, to prove those allegations. The evidence was taken orally in the presence of the court, and certified by the court reporter. There was no note of testimony. This court has held a note of testimony necessary under these circumstances. Lunday v. Jones, 204 Ala. 326, 85 So. 411; Brassell v. Brassell, 205 Ala. 201, 87 So. 347; Blackburn v. Moore, 206 Ala. 335, 89 So. 745; Crews v. State, 206 Ala. 101, 89 So. 205.

Adhering to that rule, we have here a situation where the intervener has no evidence to sustain the allegations of his petition. Under such circumstances, the court was without error in denying appellant relief. We must therefore affirm the decree.

Affirmed.

ANDERSON, C. J., and GARDNER, BOULDIN, and FOSTER, JJ., concur.