(121 So. 91)

## BROWN v. ALABAMA GREAT SOUTHERN RY. CO. (7 Div. 847.)

Supreme Court of Alabama. March 21, 1929.

88

Chas. J. Scott, of Ft. Payne, for appellant.

Goodhue & Lusk, of Gadsden, for appellee.

GARDNER, J. The bill in this case was filed by the appellee railroad company, seeking relief by way of equitable estoppel against an action in ejectment brought against it by the appellant. The salient features of the bill appear in the statement of the case on former appeal (Alabama Great Southern R. Co. v. Brown, 215 Ala. 533, 112 So. 131), and need no repetition here. The answer, aside from the admission of formal matters, contained only general denials of the material averments of the bill. Upon former appeal, it was held, consistent with our previous decisions, that for the "taking or injury to the land by the construction of a railroad, the measure of damages is the value or the diminution of value at the time and the right of action accrues to the then owner, which was the Kaolin Land Company, and does not pass to the respondent, Brown, the grantee of said company."

Upon this appeal it appears that respondent Brown's interest in the property was by virtue of a purchase at judicial sale, and it is insisted that these proceedings, including the decree of sale as well as the decree of confirmation thereof, vested respondent with more than a mere interest in the land. We are inclined to the view that a consideration of these proceedings, which appear in the record, would not support this contention; but we find this question not here presented, as such proceedings, while offered in evidence before the register who took the testimony, were not noted in the note of testimony as part of respondent's evidence as required by Chancery Rule 75, and as decided by numerous decisions of this court to be essential for consideration as testimony in the cause. Bixler v. Zeidman, 218 Ala. 498, 119 So. 211, and authorities there cited.

It is further argued that certain correspondence had between respondent and complainant's superintendent after purchase of the land by respondent was sufficient to create an estoppel against complainant to deny respondent's rights. Aside from the fact that the answer contains no intimation of the defense of estoppel (Jones & Co. v. Peebles, 130 Ala. 269, 30 So. 564), it so clearly appears the respondent has not acted to his injury or altered his position to his disadvantage, and that the elements of estoppel are entirely lacking (volume 5, Michie Dig. pp. 686, 687), as to here require no further discussion upon this point.

The only remaining inquiry is whether or not complainant has by the proof sufficiently established the averments of the bill as to an equitable estoppel against the Kaolin Land Company. It appears that since the year 1907, when the property here in controversy was by complainant inclosed by a fence, the complainant has been continuously and exclusively in possession, maintaining and improving the same for railroad purposes, such as the extension of the "passing track," which seems to have been located on the property prior to 1907, this extension being done, evidently at considerable expense, in 1912 or 1913, ditching and grading the land, maintaining telephone and telegraph wires, automatic block signals, battery boxed towers with concrete foundation thereon. While some of these improvements may have been further improved or replaced subsequent to respondent's purchase, yet we agree with

the court below that decidedly the greater portion thereof was placed on the land several years before, and we are further persuaded respondent purchased with a knowledge of the situation as to the continuous and exclusive possession of complainant as to this property.

We intend, however, no detailed discussion of the evidence, as it would serve no useful purpose. Suffice it to say that it has been given careful consideration by the court in consultation, and the conclusion reached that the preponderance of the proof sustains the finding of the trial court to the effect that complainant has been in such continuous possession of the property and made extensive improvements thereon through many years with the knowledge and silent acquiescence of the Kaolin Land Company, and that the averments of the bill as to equitable estoppel against said company have been thereby sufficiently established.

Our conclusion is in accord with that of the chancellor, and his decree will therefore be here affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.