175 So. 548
### BURFORD v. TUCKER et al.
#### 6 Div. 107.

Supreme Court of Alabama.

June 3, 1937.

Rehearing Denied June 29, 1937.

Norman Gunn, of Jasper, for appellant.

J. B. Powell, of Jasper, for appellees.

Thos. B. Hill, Jr., and Wm. Inge Hill, both of Montgomery, amici curiæ, in support of application for rehearing.

BOULDIN, Justice.

The appeal is from a decree denying a motion to reinstate a temporary injunction which had been dissolved on motion of respondents. A motion is made to dismiss the appeal on the ground that an appeal does not lie from such decree.

It appears that after the decree dissolving the injunction the bill was amended and supporting affidavits taken. The motion to reinstate shows such amendment and affidavits to be considered on the motion.

The court thereupon set a day for the hearing of such motion. It was heard, as disclosed by the decree, by agreement of parties on the day set upon pleadings and proofs noted by the register.

Notes of submission show a submission on bill as amended after the decree dissolving the injunction, including affidavits filed after the decree of dissolution, and on the part of respondents, the answer to the bill as last amended with supporting affidavits.

The motion was, therefore, in fact a renewed application for a temporary injunction duly set down for hearing in accordance with Code 1923, § 8304,. and heard on the case made by an amended bill and answer with supporting affidavits, filed subsequent to the decree dissolving the injunction on former hearing.

The decree appealed from will, therefore, be treated as one denying an application for temporary injunction after setting down for hearing, etc., and appealable under Code 1923, § 8307. The motion to dismiss the appeal is denied.

Dealing with the merits of the case, it appears both parties claim the coal mine with the right to mine the coal on a parcel of land where it is located containing some 55 acres from J. B. Bland.

Prior to April 8, 1933, the land was owned by Brewer Land Company, a corporation. On said date the owner executed to J. B. Bland an instrument intended as a mining lease on a royalty basis . The lessee took possession and opened the mine now known as J. B. Bland Mine No. 1, and operated same on a royalty basis until December 10, 1935, at which time he executed to A. C. Tucker, appellee, and associates an instrument styled a "Lease Sale" by which Bland undertook to sell for a moneyed consideration of $500, and a further royalty, his lease with mining equipment. This instrument stipulated: "The life of this lease shall be seven years, if not violated."

Lessees, Tucker and others, took possession of said mine, paid part of the purchase price, and proceeded to operate same under such lease. They and those holding under

them so continued until interrupted by an injunction in this cause.

Pending appellees' possession, Brewer Land Company, in consideration of $1 and other valuable considerations, conveyed to J. B. Bland a full fee-simple title to the 80-acre tract on which the mine was located by warranty deed of date March 30, 1936.

On September 28, 1936, J. B. Bland, on a recited consideration of $1,000, sold and conveyed by deed to appellant, H. Y. Burford, all the minerals and mining privileges, in the 55 acres where the Tucker mines were located. This deed contained the following stipulation:

"The grantors herein hereby transfer and assign to the grantee all their right, title and interest, in and to that certain lease contract entered into by and between, J. B. Bland and A. C. Tucker, Ed Fortenberry and W. C. Cantley, under date of December 10, 1935, together with any and all unpaid notes due or to come due said J. B. Bland under said contract."

The original bill to enjoin Tucker and associates from operating the mine was filed September 25, 1936.

Appellant asserts his right to injunctive relief upon the grounds that the original lease from Brewer Land Company to J. B. Bland was void for want of sufficient description of the lands; that the extension of the original lease beyond the term of three years from January 1, 1933, was not duly executed; that the lease sale from Bland to Tucker was therefore void; that this lease sale contract did not sufficiently describe the lands covered by the lease; that, therefore, the property passed to Bland by the subsequent deed from Brewer Land Company to him, and this mine and mining rights passed to Burford under conveyance of September 28, 1936.

Pretermitting other questions, and assuming the correctness of appellant's contention touching fatal defects in description, the argument fails under well-recognized principles.

■ When Bland entered upon the lands intended to be leased to him, opened the mine, operated it, and paid royalties, there was such part performance as to vest in him a leasehold estate in equity in the lands pointed out to him and taken into possession, regardless of any inadequacy of description. This leasehold estate passed to Tucker and associates on like considerations. Eddins v. Galloway Coal Co., 205 Ala.

361, 87 So. 557; Crawford v. Jones, 54 Ala. 459; 35 C.J. page 960, Id. page 1150.

■ Again a lessor cannot deny his own title to defeat that of his lessee. This rule would forbid his perfecting his title by further assurance from his lessor, and setting up this after acquired title to defeat his lessee or sublease. 35 C.J. page 1211.

■ The "Lease Sale" of December 10, 1935, was more than a mere assignment of a lease. For a valuable consideration, it called for a full term of seven years, on compliance with the obligations undertaken by the lessee.

■ Again, we may observe that by writing into the Burford deed an assignment of the interest of the grantor in this Tucker lease, including the purchase money, notes payable by Tucker et al., was not only notice of the Tucker lease, but a confirmation of it on the part of Bland and Burford.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.

### On Rehearing.

BOULDIN, Justice.

■ The opinion is seriously challenged upon the ground that an instrument purporting to convey a leasehold interest in lands, for a longer term than one year, but fatally defective for want of adequate description of the premises, is void, and a void instrument cannot be ratified.

The argument proceeds on the idea that such case is not within the statute of frauds, and the instrument is void wholly apart from the statute of frauds.

Suffice to say the note or memorandum required under Code § 8034, subd. 5, calls for a description of the property, identification of the subject-matter, as one of the essential elements, without which the instrument is void under the statute of frauds. Alabama Mineral Land Co. v. Jackson, 121 Ala. 172, 25 So. 709, 77 Am.St.Rep. 46.

The statute of frauds, by its express terms, declares such transaction void "unless the purchase money or a portion thereof be paid, and the purchaser be put in possession of the land by the seller."

This part performance, taking the transaction without the statute of frauds, is just as potent as the other provisions of the statute.

 Again we are taken to task on the theory that a leasehold estate, including a mining lease, for a number of years, but resting in parol for want of a valid written instrument, creates a tenancy at will.

In answer to this argument, it will suffice to cite our cases for half a century holding such lease within the part performance clause of the statute of frauds. When a cash price, as well as a royalty, is stipulated for a mining lease running a number of years, and the lessee enters, opens the mine, pays royalties, and part of the cash price, he has a valid lease in equity for the stipulated term. Shakespeare v. Alba, 76 Ala. 351; Vinyard v. Republic Iron & Steel Co., 205 Ala. 269, 273, 87 So. 552; Jones v. Gainer et al., 157 Ala. 218, 47 So. 142, 131 Am.St.Rep. 52; Elliott v. Bankston, 159 Ala. 462, 49 So. 76; Adams v. Riddle, 233 Ala. 96, 170 So. 343, 107 A.L.R. 657.

Application overruled.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.