29 So.2d 875

### Ex parte BURKE et al.
### 7 Div. 911.

Supreme Court of Alabama.
April 10, 1947.

Motley & Motley, of Gadsden, for petitioners.

Dortch, Allen & Swann, of Gadsden, for respondents.

FOSTER, Justice.

The question in this case is whether petitioners show that in defense of an action of ejectment an equitable question exists, the decision of which should dispose of the cause, and which cannot be disposed of on the law side of the court, so as to require a transfer of the suit to equity on their motion under section 153, title 13, Code.

There are two defenses set up in the motion. Plaintiffs and defendants appear to claim under Frances E. Burke. Plaintiffs by deed and defendants under an alleged verbal agreement by which they furnished her $1970, and she was to be credited on that amount with $35 a month for the use and possession of the property by defendants. The contract is not clearly expressed in the motion, but that seems to be what it means. It is claimed that such a verbal agreement gives them only an equitable right to the possession of the property until the $1970 is paid at the rate of $35 a month for its use and possession.

The other defense is that the deed of Frances E. Burke to plaintiffs was executed at a time when she was a non compos mentis, and on account of her insanity the deed was and is void. This latter defense is not attempted to be set up as equitable. But though it is a valid defense at law (section 43, title 9, Code), it would not prevent defendants from removing the cause to equity if they have some other good defense in equity not available at law. Michie v. Bradshaw, 227 Ala. 302, 149 So. 809.

The question contested by the parties is whether the motion to transfer shows such equitable defense on account of the alleged parol agreement in respect to its use and possession, on the theory that being verbal it confers only an equitable right.

Such a verbal agreement is either valid or invalid under the statute of frauds. Section 3(5), title 20, Code. It is valid under that statute although it is for a longer period than one year, if the consideration for it was paid in part or in full, and the defendant put in possession by Mrs. Burke by virtue of the agreement. Colvin v. Payne, 218 Ala. 341, 118 So. 578; White v. Kinney, 211 Ala. 624, 101 So. 426; Vin-

yard v. Republic Iron & Steel Co., 205 Ala. 269(7), 87 So. 552; Elliott v. Bankston, 159 Ala. 462, 49 So. 76; Martin v. Blanchett, 77 Ala. 288; Shakespeare v. Alba, 76 Ala. 351.

In the case of Burford v. Tucker, 234 Ala. 503, 175 So. 548, the Court observed that as to a mineral lease for coal in which both parties claimed the coal, the contract was taken out of the statute of frauds by entering upon the land, opening the mines and paying royalties, and conferred a valid lease in equity. But the Court was not dealing with an ordinary lease for the mere use and possession of land, but with the ownership of an interest in a portion of it. Such a contract though not void was not in such form as to pass a legal title to land. Section 22, title 47, Code; Brooks v. Cook, 141 Ala. 499, 38 So. 641; Adams v. Riddle, 233 Ala. 96, 170 So. 343, 107 A.L.R. 657. See, Davis v. Miller Brent Lumber Co., 151 Ala. 580, 44 So. 639.

There is a distinction in respect to the legal rights of one claiming a part of the land, and one claiming the right to enjoy its use and possession temporarily. Although it is expressed in the form of a lease, a contract under which a party acquires standing timber or minerals imbedded in the land has a different sort of interest from one who has merely a right to the use and possession of it for a period of time. Millikin v. Carmichael, 139 Ala. 226, 35 So. 706, 101 Am.St.Rep. 29; Brooks v. Cook, supra; Adams v. Riddle, supra.

It was held that as to standing timber and imbedded minerals the requirements of section 22, title 47, Code, must be observed to pass a legal title by contract. Delivery of possession and part payment of the purchase money without a formal conveyance would create an equitable, not a legal, interest in that portion of the land. But a contract creating the relation of landlord and tenant in its true sense is not either in form or substance an alienation of land or any part thereof as provided in section 22, title 47, Code.

Section 3(5), title 20 (the statute of frauds). Code, relates to contracts for the sale of land or any interest therein and to leases. A contract for the sale of land is not the alienation of land under section 22, title 47, Code, but creates an interest in land though not executed as required by that statute. It is then only an equitable interest. But a verbal contract of tenancy properly so termed is valid at law and in equity if for a term not longer than one year, or if longer than that, but a portion of the stipulated rent is paid, and the tenant put in possession. While the tenant has an interest in the use of the land, it is recognized at law if the statute of frauds has been complied with, and he may defend an action of ejectment against him by the landlord, though he has no writing evidencing the contract, if the term is for not longer than one year, or if part of the rent is paid and possession delivered under the contract, and it is still subsisting and no forfeiture has occurred. Lane v. Henderson, 232 Ala. 122(3), 167 So. 270; 36 Corpus Juris 610, section 1782, p. 610; section 941, title 7, Code; Walker v. Clifford, 128 Ala. 67, 76, 29 So. 588, 86 Am.St.Rep. 74.

If his contract was not void under the statute of frauds, it is a good defense at law. If it is void under the statute of frauds, it is no defense to a possessory action either at law or in equity. No other equitable right is asserted in the motion.

We think the court was justified in sustaining the demurrer to the motion on the ground that it does not set up a defense which is not available at law in the ejectment suit. We will therefore not consider the other grounds of demurrer to the motion.

The writ of mandamus will therefore be denied.

Mandamus denied.

GARDNER, C. J., and LAWSON and STAKELY, JJ., concur.