96 So.2d 804

Hoyt LEE

v.

TENNESSEE, ALABAMA and GEORGIA RAILWAY CO.

7 Div. 341.

Supreme Court of Alabama.

Aug. 22, 1957.

Hood, Inzer, Martin & Suttle Gadsden, for appellee.

## PER CURIAM.

This suit was originated by an action at law for the recovery of a described tract of land, claimed by the defendant in that suit as a part of its railroad right of way. The defendant obtained a transfer of the suit to the equity side of the court by a motion made for that purpose as authorized by section 153, Title 13, Code. After such removal defendant at law became complainant in equity and as such filed a bill in the nature of an original bill. The respondent in the equity suit filed answer denying many allegations, but with no demurrer at that time. The cause was then on motion set down for trial on evidence to be taken before the trial judge. But before such trial could be had, respondent filed a demurrer to the bill in equity. This was submitted and heard without question of the right then to demur, and the demurrer

Copeland & Copeland and McCord & Martin Gadsden, for appellant.

was overruled. This appeal by the respondent quickly followed.

There is no error assigned or argument made that there was error in ordering the transfer of the cause into equity. Employers' Ins. Co. of Alabama v. Brock, 233 Ala. 551, 172 So. 671. And no such question is before us.

 Appellant insists that the bill should be treated solely as a statutory bill to quiet title, and that it is subject to demurrer because it does not state that there is no suit pending in which the title may be ascertained; for indeed this very suit is one of that nature and should be so treated. Section 1109, Title 7, Code. We do not so regard the nature of the bill, but its purpose is to establish an equitable estoppel against the appellant from ousting the appellee from possession of the property. That estoppel is based upon facts alleged which clearly justify its enforcement, but appellee as complainant in said bill must offer to do equity as a condition to the establishment of such estoppel. Appellee recognizes that duty as declared in the bill filed and offers to do equity: the equity being just compensation for the value of the interest which was taken by the appellee based upon its value at the time it was taken. That principle is fully established by the decisions of this Court. The bill contains all of the necessary allegations which entitle appellee to that nature of relief. South & North Alabama R. Co. v. Alabama Great Southern R. Co., 102 Ala. 236, 14 So. 747; Patterson v. Atlantic Coast Line R. Co., 204 Ala. 453, 86 So. 20; Ex parte Louisville & Nashville R. Co., 211 Ala. 531, 100 So. 843; Alabama Great Southern R. Co. v. Brown, 215 Ala. 533, 112 So. 131; Brown v. Alabama Great Southern R. Co., 219 Ala. 87, 121 So. 91. This equitable right not being available in defense at law but only in equity in a suit for the recovery of land (Dunn v. Fletcher, ante, p. 273, 96 So.2d 257), justifies the transfer of the cause to equity under the statute. Ex parte Burke, 249 Ala. 93, 29 So.2d 875. The contrary is not insisted on here.

The demurrer is in legal effect addressed to the bill as a whole. Thompson v. Hanna, 262 Ala. 467, 80 So.2d 267. If any aspect of the bill is free from defect as pointed out in the demurrer, the demurrer should be overruled. Crossland v. First National Bank, 233 Ala. 432, 172 So. 255; Hale v. Cox, 233 Ala. 573, 173 So. 82. There is no contention that the aspect of the bill seeking an equitable estoppel on payment of just compensation is subject to the demurrer interposed.

It results there is no reversible error in the decree overruling the demurrer, and it should be affirmed.

The foregoing opinion was prepared by FOSTER, Supernumerary Justice of this Court, while serving on it at the request of the Chief Justice under authority of Title 13, section 32, Code, and was adopted by the Court as its opinion.

Affirmed.

LIVINGSTON, C. J., and LAWSON, SIMPSON, GOODWYN and COLEMAN, JJ., concur.