# Wood & Brothers *v.* Winship Machine Co.

*Action on Guaranty of Promissory Note.*

1. *Judgment by default final; when authorized.*—A promissory note for the payment of a specified sum, "with interest at eight per cent. *per annum* from date, and ten per cent. attorney's fees," will support a judgment by default for the amount due, including attorney's fees (Code, § 3032); and a written guaranty, indorsed on such note, will equally support a judgment by default final without the intervention of a jury.

APPEAL from the Circuit Court of Pike.

Tried before the Hon. JOHN P. HUBBARD.

This action was brought by the Winship Machine Co., a private corporation chartered under the laws of Georgia, against J. P. Wood, M. A. Wood, and F. S. Wood, partners doing business under the firm name of J. P. Wood & Brothers. By their complaint, the plaintiffs claimed of the defendants $104, "due by a contract of guaranty indorsed on a promissory note made by J. J. & H. Vickers on the 6th day of August, 1885, and payable to plaintiffs on the 15th October next after date, at the Farmers & Merchants' Bank, with interest at eight per cent. *per annum* from the date thereof, and ten per-cent. attorney's fees agreed to be paid therein, and containing a clause in which the makers and indorsers waived their right of exemption as to personal property un-

der the laws of said State; which contract of guaranty, executed as aforesaid by the defendants under their said firm name, is in the following words: 'For value received, we guarantee the payment of this note, and waive protest and notice.' And plaintiffs aver that the makers of said note failed to pay said note at maturity, and have hitherto failed and refused to pay the same. Wherefore plaintiffs bring this suit, and claim the damages aforesaid."

On the 28th October, 1886, judgment final by default was rendered against the defendants, for $124.30, besides costs; and it was added in the judgment, "it is also considered by the court, that the note on which the ·judgment is founded contains a clause waiving the defendants' right of exemption." This judgment is now assigned as error.

GARDNER & WILEY, for appellants.

SOMERVILLE, J.—The action is founded on a written instrument, ascertaining the plaintiff's demand, and the judgment is one by default. The note obligates the maker to pay principal, interest, and ten per-cent. *attorney's fees*. This we construe to mean, ten per-cent. on the amount of the note, as attorney's fees in any suit brought to enforce its collection. Such a demand will support a judgment by default, for the entire amount due, including the attorney's fees, without the intervention of a jury.—Code, 1886, § 2740; *McKenzie v. Clanton*, 33 Ala. 528; *Burns v. Howard*, 68 Ala. 352. It is not a case of recovery for a mere penalty stipulated to be paid by written promise, as in *McPherson v. Robertson*, 82 Ala. 459, where it was held error to render judgment by default without writ of inquiry by a jury to determine the amount of damages.

Affirmed.