# Smith *v.* East Tenn. Va. & Ga. R. R. Co.

*Action to Recover the Value of a Calf.*

1. *Misjoinder of causes of action.*—Assumpsit and tort cannot be united in the same action, either in one count, or in separate counts in one complaint. An action *ex contractu*, brought in a justice court, cannot be converted, by amendment, on appeal to the City Court, into an action of tort.

APPEAL from Anniston City Court.
Tried before the Hon. B. F. CASSADY.

METHVIN & KELLY, for appellant.

Appellant insisted that an action for an amount due from a railroad company for killing a calf was but an imperfect statement of a claim for damages, and under the liberal system of amendments in this State, the plaintiff should have been permitted to perfect his complaint, by stating that the killing was caused by the negligence of the defendant; that it is especially permissible since said imperfect complaint was filed in a justice's court, where strictness of pleading is not insisted upon, and the amendment was offered upon first opportunity in the City Court, citing *Freeman v. Speegle,* 83 Ala. 191.

KNOX, BOWIE & PELHAM, for appellee.

The original action as brought in the Justice's Court, was *ex contractu.* As amended in the City Court the plaintiff alleged the cause of action to be the killing of plaintiff's calf by the negligence of the Railroad Company. This was a misjoinder of causes of action.—*Mobile Life Ins. Co. v. Randall,* 74 Ala. 176; *Chambers v. Seay,* 73 Ala. 372; *Whelden v. M. & P. Nat. Bk.,* 64 Ala. 1; *M. & O. R. R. v. Williams,* 53 Ala. 600; *Wilson v. Stewart,* 69 Ala. 302; 30 Ala. 562; 21 Ala. 472; 6 Ala. 544; 19 Ala. 760; 24 Ala. 354; 92 Ala. 366;

[Smith v. East Tenn., Va. and Ga. R. R. Co.]

87 Ala. 558; 69 Ala. 180; 76 Ala. 329. As an action of tort,
plaintiff's action is barred by the statute of limitations.—See
authorities, *supra*.

COLEMAN, J.—The action began in the Justice Court;
and so far as the transcript shows, judgment was rendered
for plaintiff upon an "account stated, $10.00." The cause
was brought to the City Court by statutory writ of *certi-
orari*; and stood for trial *dé novo*. The cause of action filed
in the City Court was, that "plaintiff claimed of the de-
fendant ten dollars due by account June, 1891, for calf
killed;" and that was amended by adding, "by engine East
Tenn. Va. & Ga. R. R., and that by the negligence or care-
lessness of the engineer on said engine." The defendant
moved to strike the complaint from the file, and also filed a
demurrer to it, upon the grounds that the amended com-
plaint was a total departure from the original cause of
action. By a judgment of the court entered May 24, 1892,
both the demurrer and the motion to strike were overruled.
The defendant then pleaded the general issue, and also the
statute of limitation of six months under section 1150 of the
Code. October 19, 1892, there seems to have been, by leave
of the court, another amended complaint filed by the plain-
tiff, and on the same day a judgment of the court was ren-
dered, sustaining the demurrer of the defendant and his
motion to strike the complaint from the file. There seems
to have been no other amendment to the complaint, or cause
of action filed. The record then states that the "cause
being submitted to the court, it is considered that the issues
are in favor of the defendant," and judgment was rendered
for the defendant. The record also contains a bill of excep-
tions.

We have recited the pleadings and judgment entire, and
cannot tell from the record upon what cause of action the
case was submitted for trial. Our opinion is, that the plain-
tiff was not entitled to recover in any event. Pleadings in
justice courts are not governed by technical rules. If the
summons shows the nature of the cause of action, or if the
same is endorsed upon the summons, or otherwise is made
manifest, that is sufficient; and yet, pleadings in justice
courts are subject to such regulations as are necessary to
promote justice and prevent undue advantage to either
party. Section 3313 of the Code declares that "Suits before
justices of the peace shall be governed by the same rules
and provisions, so far as they are applicable, as suits in the
Circuit Court." Assumpsit and tort cannot be united in the

same cause of action, either in one count, or in separate counts in one complaint. The authorities are numerous and unanimous to this proposition.—*M. & O. R. R. Co. v. Williams*, 53 Ala. 660; *Mobile Life Ins. Co. v. Randall*, 74 Ala. 176; *Capital City Water Co. v. City of Montgomery*, 92 Ala. 366; *Chambers v. Seay*, 87 Ala. 558; *Wilson v. Stewart*, 69 Ala. 302; *Whilden v. Mer. & Pl. Nat. Bk.*, 64 Ala. 1.

It would necessarily follow, that an action *ex contractu* can not be converted by amendment into an action on the case, and *vice versa*; and this rule applies to actions brought by appeal or *certiorari* from justice courts to the Circuit Court.

The case of *Freeman v. Speegle*, 83 Ala. 191, does not assert a contrary doctrine. In fact, it is an authority in support of the general rule. In that case, the action began in a justice of the peace court, an affidavit and summons both showed the suit was in detinue. At the trial before the justice, a cause of action in assumpsit was filed. On appeal to the Circuit Court, the plaintiff filed his complaint in detinue. This court held that the complaint in detinue was not a departure, that the summons and affidavit in the justice court showed that the original action was in detinue, and that the irregularity in filing a separate statement in the justice court in assumpsit did not change the suit in detinue as brought, into a suit in assumpsit; and that on appeal it was proper to complain in detinue.

The present suit, as begun in the justice court, was in assumpsit on an account rendered, and the plaintiff was not at liberty on appeal to file a complaint in tort. If we consider the case in the City Court, as having been an action *ex contractu*, upon the account rendered, there is no evidence to sustain a promise or undertaking, express or implied, to pay the account. On the other hand, if the court tried the case upon the amended complaint in tort, the statute of limitations of six months had effected a complete bar. When a case is tried by a jury, under the instruction of the court, it is sufficient that the bill of exceptions states the tendencies of the evidence, to enable this court to pass upon the legality of instructions given to the jury; but when the court tries the facts, without a jury, the bill of exceptions should set out enough of the testimony to show that the court erred in its conclusion. The bill of exceptions does not show enough to put the court in error upon the merits of the case, whether we consider the action *ex contractu*, or *ex delicto*.

Affirmed.