# Lagerfelt *v.* McKie.

*Attachment for Rent.*

1. *Statute of frauds no defense unless specially pleaded.*—The defense of the statute of frauds, to be available, must be specially pleaded.

2. *Rental contract not signed by landlord.*—Where a rental contract, and, also, rental notes are signed by the tenant, the signature of the landlord to the contract is not necessary to make the contract and notes binding on the tenant.

3. *Statute of frauds no defense to action on executed contract.*—To an action brought on an executed contract a plea of the statute of frauds is no defense.

4. *Departure in pleading.*—Where an action is begun by attachment for rent in a justice's court, and on appeal to the city court the plaintiff amends the complaint by counting on notes executed by defendant, and alleging that they were given for installments of rent for a house belonging to plaintiff, such amendment is not a departure from the original suit.

APPEAL from the City Court of Birmingham.

Tried before the Hon. H. A. SHARPE.

This was an action brought by the appellee against the appellant on three several promissory notes, which were given by the defendant for the rent of a certain house, the property of the plaintiff. There was judgment for the plaintiff, and defendant appeals.

The cause was originally instituted in a court of a justice

VOL. C.

[Lagerfelt v. McKie.]

of the peace, and was commenced by an attachment for rent. Upon the appeal being taken to the city court the plaintiff filed a complaint counting upon three promissory notes executed by the defendant. Plaintiff was allowed, against the objection and exception of the defendant, to amend the complaint by inserting after the recital of the notes in the complaint, the following words : "which notes were given for installments of rent for a dwelling house belonging to plaintiff." The defendant demurred to the amended complaint on the ground that the complaint counted upon several promissory notes, while the original action was an attachment for rent, and the present complaint sets out an entirely new cause of action. This demurrer was overruled, and the defendant excepted. The defendant then interposed two special pleas in the first of which he averred that the relation of landlord and tenant never existed between him and the plaintiff ; and in the other he set up the fact that at the time of the signing of the lease for rent and the execution of the notes, the plaintiff was a married woman, and that she did not have the written consent of her husband for her to contract with the defendant for the rent of said premises . and that the relation of landlord and tenant never existed between the plaintiff and the defendant. To each of these pleas plaintiff demurred on the ground that they set up no defence to the action. To each of these rulings of the court the defendant duly excepted.

The plaintiff was allowed by the court, against the objection and exception of the defendant, to amend her complaint by adding a second count, which set out at greater length the execution of the three promissory notes sued on, and that they were given for the rent of the dwelling house, which was the property of the plaintiff. The defendant then offered to plead in abatement that the cause of action as shown by the complaint filed in said court was a departure from the original cause of action before the justice of the peace. This plea in abatement was disallowed by the court, and to this ruling the defendant duly excepted.

Upon the trial of the cause the plaintiff introduced the three promissory notes sued upon, which were executed by C. O. Lagerfelt, the defendant, and made payable to J. D. McKie, who was shown to be the husband of Mrs. Laura McKie. Each of these notes were indorsed in blank by J. D. McKie. To the introduction of each of these notes in evidence the defendant objected on the grounds that they did not purport to be given to the plaintiff, nor to have been assigned to the plaintiff, and because they did not purport

to be given for rent. The court overruled this objection and the defendant duly excepted.

After proof of the execution of the lease executed by J. D. McKie, as agent for Mrs. Laura McKie, the plaintiff, and C. O. Lagerfelt, by which C. O. Lagerfelt agreed to rent the premises in question, the plaintiff offered to introduce the said lease in evidence. The defendant objected to this because the lease did not purport to have been executed by the plaintiff, nor to be a conveyance by her. The court overruled this objection, and the defendant duly excepted.

J. D. McKie, as a witness for the plaintiff, testified that he was the husband of the plaintiff, that he acted as her agent in the renting of said premises to the defendant, and in executing the lease and taking the notes introduced in evidence.

There were certain other objections to the rulings of the court upon the evidence, not necessary to be set out in detail. The cause was tried by the court without the intervention of a jury, and upon the introduction of all the evidence, the court rendered judgment for the plaintiff.

CHARLES B. POWELL, for the appellant.

W. R. HOUGHTON, for the appellee.

COLEMAN, J.—This was an action to recover rent, and began in a justice court, by the issue of an attachment to enforce payment of several installments past due. The defense set up is purely technical, and is without any merit. The contract of lease was in writing, made by J. D. McKie, agent for Laura McKie, and Lagerfelt, the defendant in attachment, and was signed by J. D. McKie and Lagerfelt. The several rental notes were made payable to J. D. McKie. The contract of lease was not signed by Laura McKie. The rental notes were endorsed in blank by J. D. McKie. The affidavit for the attachment averred that the rental claim was the property of the plaintiff, Laura McKie. There was no plea denying plaintiff's ownership of the notes, and her right to the claim was not in issue. Moreover the proof showed the rented property belonged to her, and that the defendant occupied it during the entire term of the lease unmolested, and that he failed to pay the rent notes, upon demand made, after they were due. The statute of frauds does not arise in the case for the following reasons:

First. The defense of the statute of frauds to be available, should be specially pleaded.

[Burgin et al. v. Raplee.]

Second. The rental contract was in writing signed by the tenant, and also the rental notes. It was not necessary that Laura McKie should sign, to make them binding on him. See *Nelson v. Shelby Man'f'g. & Imp. Co.*, 96 Ala. 515.

Third. · The contract was fully executed as to these notes. The statute of frauds is not available as a defense, when the suit is upon an executed contract.

The defense attempted to be set up under the plea that the suit in the Circuit Court was a departure from the character of the action in the justice court, is equally destitute of merit. On appeal the trial must be *de novo.* The only departure in pleading, which is not permissible on appeal from a justice's court, is that the form of action shall not be⁕ an entire change of parties plaintiff or defendant.—*Smith v. East Tenn., Va. & Ga. R. R. Co.*, 96 Ala. 516; *M. & M. Railway Co. v. McKellar*, 59 Ala. 460. In the present case however there was no departure from the original suit. In both courts, the action was *ex contractu*, to recover rent, for the same dwelling, and by the same party. The changes made were mere amendable defects. There is no error in the record.

Affirmed.

