# Swanson *v.* Brown.

## *Assumpsit.*

(Decided May 24, 1909. 49 South. 675.)

1. *Amendment; .Appeal from Justice Court.*—The affidavit in the justice court alleged that defendant was indebted to plaintiff for the rent, and the complaint sought to enforce a landlord's lien for rent by averring that the claim was for rent. On appeal to the circuit court, from the judgment fixing the amount of rent it was error to permit an amendment seeking the recovery of money not arising out of the relation of landlord and tenant.

2. *Assumption; Nature of Remedy.*—As title to land cannot be tried in assumpsit that action will not lie to recover rent received under adverse holding of the land out of which the rent arises, even at the instance of the rightful owner thereof.

APPEAL from Monroe Circuit Court.

Heard before Hon. JOHN T. LACKLAND.

[Swanson v. Brown.]

Assumpsit by Henry Brown against T. W. Swanson. Judgment for plaintiff and defendant appeals. Reversed and remanded.

BARNETT & BUGG, for appellant.—The court erred in permitting the amendment. The undisputed evidence is that the relation of landlord and tenant did not exist.— 69 Ala. 590; 53 Ala. 363; 95 Ala. 277. The court erred in refusing the defendant's motion to quash the attachment. —Sec. 4739, Code 1907, and authorities supra. Assumpsit will not lie to recover rent arising from an adverse holding.

J. N. MILLER, for appellee.—The court properly allowed the amendment.—Sec. 4720, Code 1907; 138 Ala. 157; 121 Ala. 471; 54 Ala. 91. Counsel discuss other assignments of error, but without citation of authority.

McCLELLAN, J.—The action was commenced in a justice's court; Brown being plaintiff, and Swanson defendant. In the complaint the claim was for "1,200 pounds seed cotton, rent of the Mose Williams place for the year 1906." Attachment was the process employed to bring in the defendant, and the writ was invited by an affidavit which alleged that Swanson was indebted to Brown in the sum of $42, after allowing all credits, and "that the said amount is rent on the Mose Williams place, and is so that the ordinary process of law cannot be served upon defendant." The transcript from the justice's court contains this: "Nov. 8th, 1906. Attachment and summons returned executed by levying on 1,200 pounds seed cotton, more or less. Deft. appears and claims trial of title of land. Court turns case over to circuit court, Dec. 4th, 1906. Alias summons and complaint issued for defendant. Set for trial Dec. 14th,

1906.    Defendant appears, and after hearing pleadings. court finds for plaintiff, and assesses amount of rent at 600 lbs. seed cotton at $3.00 per hundred.    Defendant takes an appeal to circuit court." In the circuit court the plaintiff amended his complaint by adding three counts, viz., one for $42, money received by the defendant to the use of the plaintiff; one for that sum as the value of 1,200 pounds seed cotton defendant got from Jno. Lee Williams, which was due plaintiff as rent of land for year 1906; and one for that sum "for lint cotton" received by defendant from Williams, which cotton was due plaintiff for the rent as above stated.    The defendant assailed the amendment as a departure from the cause of action originally relied on in the justice's court.

We construe the original affidavit and the other evidences of action in the justice's court as seeking the enforcement of a lien of a landlord for rent.    Such being the case, the amendment of the complaint in the circuit court should have been stricken, since on its face the amendment shows that the demand therein claimed did not arise out of the relation of landlord and tenant, and that it was not proposed to enforce the lien given by law in such cases.    Besides, assumpsit will not lie to recover, even by the rightful owner, rent received under an adverse holding of the land out of which the rent arises.    The title to the land cannot be tried, as would necessarily result, in assumpsit.—*Price v. Pickett,* 21 Ala. 741.    The court erred in overruling defendant's motion to strike from the file the amendment to the complaint.

Assuming for the present purpose that the affidavit was capable of amendment, and also that it was amended, there is no evidence that the relation of landlord and tenant existed between Jno. Lee Williams and plaintiff;

hence the affirmative charge might well have been given for defendant.

It is unnecessary to treat other questions argued.

The judgment is reversed, and the cause remanded.

DOWDELL, C. J., and SIMPSON and ANDERSON, JJ., concur.