# Cleveland Crane & Car Co. *v.* American Cast Iron Pipe Co.

## *Assumpsit.*

(Decided May 12, 1910.  53 South. 313.)

1. *Damages; Liquidated Damages; Penalty.*—Where a manufacturing corporation ordered certain electric cranes for use in its mill and the contract provided that the delivery should be within a specified time, and that the seller of the crane should pay the purchaser $25.00 a day as liquidated damages for each day after expiration of the delivery date, that the cranes remained undelivered, and it appeared that the damages accruing to the defendant on account of delay could not be easily estimated or ascertained, the provision in the contract will be construed as for liquidated damages, and not a penalty.

2. *Same; Delay in Delivery; Evidence.*—Where the action was for the balance of the purchase price of certain electric cranes, and the defense was liquidated damages for delay in the delivery, as provided in the contract, it was competent to show the relation of the cranes to the defendant's manufacturing plant, and whether defendant's pipe could be manufactured in the plant without the crane, and the proximate cost of the entire plant which could not be operated without the crane.

3. *Sales; Delay; Damages.*—Where the action was for the balance of the purchase price of certain electric cranes and the defendant pleaded as a set off liquidated damages for the delay in delivery, replications thereto that all the contracts made were subject to the acceptance of plaintiff corporation of which defendant had notice, and that the order and contracts were taken and made by plaintiff's agent, and all shipments were made subject to delay caused by

[Cleveland Crane & Car Co. v. American Cast Iron Pipe Co.]

strikes, accidents or manufacturing contingencies and that the delay in question resulted from or was caused by a strike, accident or manufacturing contingency, over which plaintiff had no control, and that the damage claimed for delay was also caused by defendant's failure to carry out its implied or expressed part of the agreement in failing to return the blue prints within a reasonable time, and in failing to pay for the crane at the time and in the amount set out in the contract, were insufficient and subject to demurrer.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. O. LANE.

Action by the Cleveland Crane & Car Company against the American Cast Iron Pipe Company for the price of six cranes. Judgment for defendant, and plaintiff appeals. Affirmed.

The contract for the cranes, leaving out the formal heading part, is as follows: "Six three-motor electric cranes, as per specifications and blue print furnished, $22,680.00, with freight allowed to Birmingham. Shipment three months after date of order. If shipment is delayed more than twenty days after this time, the Cleveland Crane & Car Company are to pay to the American Cast Iron Pipe Company $25.00 per day as liquidated damages for each and every day after the expiration of twenty days; provided, however, that if four cranes are delivered by March 15th the time shall be extended two weeks on the last two cranes." This was signed by the general manager and treasurer, and by the secretary of the American Cast Iron Pipe Company. Following this, in the stipulation signed by the Cleveland Crane & Car Company, is the following: "We agree to ship as above, time being the essence of the contract. We agree to pay the American Cast Iron Pipe Company, as liquidated damages, the sum of $25.00 for each day's delay after the 24th of March, 1906; but the American Cast Iron Pipe Company shall have the right to reject any or all goods not delivered on time according to order. The acceptance of a partial shipment

shall not be a waiver. No verbal variations valid. Delay of common carrier is not delay of shipper." This contract was set up by proper pleas, and the sum of $1,400, the amount still due on the order, was offered to be set off or recouped against the plaintiff's demand; it being alleged that the cranes were not delivered until 56 days after the 24th day of March, 1906.

The third and fourth replications to these pleas are as follows: "(3) Comes the plaintiff, and for further special replication to the third plea as amended says that all contracts taken by an agent of plaintiff are to be countersigned by an officer of plaintiff's corporation, of which the defendant had notice, and said order and contract were taken by an agent of plaintiff, and that all such shipments are taken subject to all delays caused by strikes, accidents, or manufacturing contingencies, of all of which defendant had notice or knowledge, and this order for six three-motor electric cranes was taken and accepted by plaintiff subject to all delays caused by strikes, accidents, or manufacturing contingencies; and plaintiff avers that said alleged delay as claimed in said plea was the result of or caused by strikes, accidents, or manufacturing contingencies over which plaintiff had no control. (4) Plaintiff says that the damages claimed by defendant in its plea for alleged delay in shipping the six three-motor electric cranes by a specified date was caused by the neglect, omission, or failure upon the part of the defendant in carrying out its implied or express part of said agreement, in that defendant failed to return the blue prints within a reasonable time to plaintiff, and that defendant failed to make payment for said cranes as agreed to, and at the time and in the amount as set out in said contract. Wherefore defendant is not entitled to the amount as set-off or recoupment in its said plea."

[Cleveland Crane & Car Co. v. American Cast Iron Pipe Co.]

The contract in the pleadings above set out makes the issues on which the case was tried. The exceptions to evidence were that the court erred in permitting the witness to testify to the relation that these cranes had to the plant of the defendant company, and the further question if pipe could be manufactured of the character made in this plant in this character of plant without cranes, and what was the approximate cost of the entire plant, which could not have been operated without these cranes.

The demurrers to replication 3 are as follows: "(1) It does not show that this particular contract was made and entered into subject to delays, accidents, and manufacturing contingencies. (2) It avers the cause of the delay in the alternative. (3) It does not sufficiently show what were the manufacturing contingencies to which delay alleged in the completion of the contract was averred to be due. (4) It does not constitute an answer to the plea." To the fourth replication as follows: "To that part of the replication beginning with the words 'Comes the plaintiff' and ending with the words 'within a reasonable time to the plaintiff': (1) It fails to show any express or implied agreement on the part of defendant to return the blue prints within a reasonable time. (2) It does not show that agreement of plaintiff to complete the contracts by a time certain was dependent upon the defendant's returning said blue prints within a reasonable time. (3) Vague, indefinite, and uncertain. (4) Avers agreement in the alternative. Further demurring to said replication and to that part beginning, 'And the defendant failed,' and extended through the balance of the replication, because it does not appear that plaintiff's agreement was conditioned or determined upon the performance by defendant of his agreement to pay for crane in any stipu-

lated sum or at any stipulated time, and does not constitute an answer to the plea."

VON L. THOMPSON, for appellant. The plea of set off should have set out the contract in full or the legal substance of it, so that it could be determined whether the contract should be construed as providing liquidated damages or a penalty, and failing in that the pleas were subject to demurrer.—*Dinsmore v. Hand,* Minor. 127; *Watts v. Shepherd,* 2 Ala. 438; *Keeble v. Keeble,* 85 Ala. 555; *Wilson v. Baltimore,* 55 Am. St. Rep. 339; 28 L. R. A. 679; 77 Am. Dec. 102; 6 Bing. 141; 19 A. & E. Enc. of Law, 395; 2 Greenl., Secs. 256-259; Sedgwick on Damages, pp. 244-9. In construing a contract containing a clause containing a stipulation to pay damages if not performed within a certain time, the courts are averse to construing said contract as liquidated damages, and if it can do so will construe it as a penalty.—*Haralson v. Stein,* 50 Ala. 349; *Watts, v. Shepherd, supra; McPherson v. Robinson,* 82 Ala. 462; *So. Ry. Co. v. Coleman,* 44 So. 837; 3 Parsons on Contr. 159; 2 Storey on Contr. 697.

CABANISS & BOWIE, for appellee. The court properly held that the provisions of the contract were for liquidated damages and not for a penalty.—*Watts v. Shepherd,* 2 Ala. 425; *Keeble v. Keeble,* 85 Ala. 552. This contract partakes of the nature both of a contract of building and a contract of sale.—*O'Brian v. Ann. P. Wks.,* 93 Ala. 585; *McCurry v. Gibson,* 108 Ala. 451; *Wallace Iron Wks. v. Monmouth P. Assn.,* 19 L. R. A. 459; 13 Cyc. 98 and 102; *Downing v. O'Donnell,* 86 Ill. 49; *Williams v. Vance,* 30 Amer. Rep. 26; *Curtis v. Bloomer,* 21 How. Pr. 317; *O'Donnell v. Rosenberg,* 4 Dal. 555. At most, the judgment of the court cannot

be said to be plainly erroneous.—*Postal T. Co. v. Beal,* 48 So. 672.

ANDERSON, J.—The courts of the land have experienced no little difficulty in construing contracts stipulating for a payment of a specific sum of money on a contingency, and in determining whether the sum so mentioned should be regarded as a penalty or as liquidated damages. The primary rules for interpretation are laid down in the case of *Keeble v. Keeble,* 85 Ala. 552, 5 South. 149; and, applying those rules to the contract in question, it was the manifest intention of the parties thereto to fix the sum named as liquidated damages to compensate the defendant for losses in the operation of its plant caused by a delay in the shipment of the cranes, which, while constituting but a part of the defendant's works or plant, were essential to the manufacture of its products and the successful operation of same. The damages accruing could not be easily estimated or ascertained in an action at law, and it was but natural for the parties to agree upon a fixed and certain sum as liquidated damages, and which was not intended as a penalty. Such is not only the wording of the contract, but said wording is substantiated by the surrounding facts and circumstances, which evince an intent and purpose of the contracting parties to provide for liquidated damages rather than a penalty; and we think that the trial court properly construed the contract, and properly overruled the plaintiff's demurrers to the defendant's special pleas of set-off and recoupment.

Replications 3 and 4 were subject to the demurers interposed to same, and which were properly sustained by the trial court.

The trial court committed no reversible error in ruling upon the evidence.

There was proof in support of the defendant's special pleas abundantly supporting the judgment of the trial court. Nor can we agree with the appellant's contention that its second replication was proven, as we think the proof fails to show that any delay upon the part of the defendant in inspecting and returning the blue prints was the cause of the delay in manufacturing and shipping the cranes.

The judgment of the circuit court is affirmed.

Affirmed.

DOWDELL, C. J., and SAYRE and EVANS, JJ., concur.