# Walsh Mfg. Co. v. W. T. Smith Lumber Co.

### Assumpsit.

(Decided May 18, 1916.   72 South. 73.)

1. **Damages; Liquidated; Penalty.**—Under a contract of sale for a dry kiln, a provision that a failure of the purchaser to return the apparatus within ten days after a stipulated test, if unsatisfactory, will subject him to the payment of the purchase price as liquidated damages, examined and held to impose a penalty.

2. **Sale; Contract; Jury Question.**—Under the evidence in this case it was a question for the jury whether the purchaser complied with the requirements of the contract in making tests of the dry kiln apparatus, which was purchased under warranty.

3. **Same; Instruction.**—The charges examined and held to properly state the duty of the buyer to make required tests, and to return the property, if found unsatisfactory; also as to waiver by the seller of requirements that the property be returned within a specified time if found unsatisfactory.
(McClellan and Mayfield, JJ., dissent in part.)

APPEAL from Butler Circuit Court.

Heard before Hon. A. E. GAMBLE.

Assumpsit by the Walsh Manufacturing Company against the W. T. Smith Lumber Company.   Judgment for defendant, and plaintiff appeals.   Affirmed.

The following charges were given at defendant's request:

(3)   The court instructs the jury that if they believe from the evidence that defendant made two tests of plaintiff's circulating fan strictly under the direction of plaintiff, and after each test gave written notice to plaintiff of the failure of the kiln to give the results guaranteed by plaintiff in said agreement, and that after such notice of the failure of said kiln, plaintiff either requested or consented that defendant should retain plaintiff's said apparatus for future tests, and that under said agreement defendants did retain said apparatus, plaintiff thereby waived promise of defendant to return said apparatus within 10 days, after the failure of the kiln to fulfill plaintiff's guaranty in said agreement.

(4)   If the jury believe from the evidence that defendant reconstructed plaintiff's dry kiln, and installed therein plaintiff's circulating fan, and prepared for the starting test under the

supervision of the mechanics furnished by plaintiff, that defendant tested said circulating fan by operating the kiln for more than 48 hours continuously for 24 hours per day, under 60 pounds pressure at the kiln, and that said kiln failed to dry one inch by 16 feet of pine lumber in 48 hours, that defendant gave written notice to plaintiff of the failure under said test to dry the lumber of said dimension in 48 hours, that plaintiff sent its agent to make necessary corrections in said kiln, that defendant after such corrections were made again tested said kiln under the same condition by operating the kiln 24 hours per day continuously for more than 48 hours under a steam pressure at the kiln of 60 pounds, and that in said test the kiln failed to dry lumber so as to fulfill the guarantee of plaintiff in the written agreement, the foundation of this suit, and that either at the request of or by consent of the plaintiff, defendant retained the material of said circulating fan for further test, they must find for defendant.

POWELL & HAMILTON, and O. A. LANE, for appellant. L. M. LANE, for appellee.

McCLELLAN, J.—This is the second appeal in the progress of this litigation.—*Walse Mfg. Co. (plaintiff) v. W. T. Smith Lumber Co. (defendant)*, 178 Ala. 472, 59 South. 455. On that appeal the principal question considered was, whether a provision of the contract for the sale of machinery or apparatus for drying green lumber imposed, in an event or events, a penalty for a breach of provisions of the contract, or served to liquidate in advance the damages for a breach. The question was not decided, the six members of the court participating in its consideration being equally divided thereon. An opinion representing each view was filed, and appears in the report above cited. The judgment was reversed by a concurrence of the court in the result. After the reversal, the trial court accepted and gave effect in its rulings on the pleadings to the view expressed by Justice SAYRE and concurred in by Justices ANDERSON and SOMERVILLE, viz., that the contract created a penalty for its breach in an event, and did not simply liquidate the damages to attend its breach in an event, as was the view of Justices SIMPSON, McCLELLAN, and MAYFIELD. The question is again presented.

The plaintiff had for sale a patent dry kiln apparatus for use in drying green lumber. The defendant had a plant for sawing

timber into lumber. The defendant desired to buy the plaintiff's dry kiln apparatus, if, upon test, it would perform the service the seller asserted it would. In the event of satisfactory test and sale, the purchase price agreeable to the parties was $1,750, with an addition of daily wage for a mechanic, and his expenses, to be sent to defendant's plant by the plaintiff to supervise the installation and starting test of the dry kiln. In all its material features the contract entered into by the parties is set out in the report of the former appeal.—178 Ala. 473-475, 59 South. 455. It is not necessary to republish it.

(1) Upon reconsideration by the full bench of the question stated, ANDERSON, C. J., and SAYRE, SOMERVILLE, GARDNER, and THOMAS, JJ., are of the opinion that the stipulation in the contract for "liquidated damages" effected to impose a penalty, as was the view stated in the opinion of Justice SAYRE writing in response to the former appeal; Justices MCCLELLAN and MAYFIELD adhering to their view that the opinion of Justice SIMPSON correctly stated the law upon this question. They therefore dissent. The result is that the trial court did not err in giving effect to the conclusion that the contract did not stipulate for "liquidated damages" in anticipation of a possible breach of the contract.

(2, 3) The errors assigned and urged as upon rulings on the admission of evidence, adverse to the appellant, have been carefully considered. They are without merit. The degree of steam pressure maintained during the test was, under the evidence, susceptible of proof by showing the registered steam pressure at the boilers and at the planing mill, beyond the dry kiln under trial on the steam line connecting the boilers, the dry kiln and the mill, along with the further evidence of the diminution of pressure due to friction or condensation in the conduits. There was evidence tending to show that the steam pressure required by the contract for the test was furnished by the defendant. Whether it was furnished was a question for the jury. The plaintiff was not entitled to the general affirmative instruction on any theory. There was evidence tending to show that the defendant made the tests required by the contract; that the defendant notified the plaintiff in writing of the failure of the initial trial; and that, after the opportunity for correcting was afforded plaintiff and after its agent again visited the plant, a further test, resulting in failure, was made. What agreement Williams, plaintiff's agent, and defendant made upon the occasion

[Colley v. Atlanta Brewing & Ice Co.]

of Williams' visit to the plant was a subject of controversy in the evidence.

Under the evidence no error resulted from the giving, at defendant's request, of special instructions numbered 3 and 4.

The judgment is not affected with error. It must be affirmed. Affirmed.

ANDERSON, C. J., and SAYRE, SOMERVILLE, GARDNER, and THOMAS, JJ., concur. MCCLELLAN and MAYFIELD, JJ., concur except as indicated in this opinion.