(87 South. 552)

**VINYARD v. REPUBLIC IRON & STEEL CO. (6 Div. 197.)**

(Supreme Court of Alabama. Jan. 27, 1921.)

**1. Courts ⬥190(8)—Trial of action in unlawful detainer in circuit court on appeal from municipal court is "de novo," and new complaint or amendment may be filed.**

Trial of an action in unlawful detainer in the circuit court on appeal from the municipal court is "de novo," under Code 1907, §§ 4280, 4720, meaning that, subject only to restriction of the claim to an amount or value within the jurisdiction of the municipal court, the trial is had as though the suit originated in the circuit court, and a new complaint or an amendment to the old may be filed by plaintiff, provided, it does not exhibit entire change of parties plaintiff or defendant, and does not show a departure from or change in the original form of action.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Trial De Novo.]

**2. Courts ⬥190(8)—Amendment of complaint in unlawful detainer, to claim attorney's fees and rent to time of trial, properly allowed on appeal from municipal court.**

In an action in unlawful detainer, tried de novo in the circuit court on appeal from the municipal court, under Code 1907, §§ 4280, 4720, the trial court properly allowed amendment of the complaint claiming attorney's fees in each of the trial courts and rent to the time of trial, the aggregate amount of which was less than $100; such claims not being based on a new or different cause of action, but being for elements of damage growing out of the original unlawful detainer. When damage is not in itself the cause of action, but is the consequence of a completed breach or wrong, it is proper to estimate and award damages therefor, if duly claimed and proven down to the time of verdict.

**3. Courts ⬥190(3½)—By not claiming attorney's fee in municipal court, plaintiff did not waive right to claim it in circuit court.**

By not claiming an attorney's fee for prosecuting the suit in the municipal court, plaintiff in an action in unlawful detainer did not waive his right to make such a claim on appeal to the circuit court, under Code 1907, §§ 4280, 4720, if he deemed it worth while.

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**4. Bills and notes ⬥110—Stipulation for payment of reasonable attorney's fee not invalid, as calling for a penalty.**

A stipulation for payment of a reasonable attorney's fee, if the obligee in a contract should employ an attorney to enforce or defend his rights thereunder by reason of the obligor's breach, is not in the nature of a penalty, and it is competent for contracting parties, not only to stipulate for a reasonable attorney's fees to be paid by the maker of a note in the event of collection by an attorney after default, but to fix the amount of the reasonableness of such fee; the prima facie presumption being that an amount fixed by them is reasonable.

**5. Damages ⬥78(6)—Lease of house to employee by employer is valid in stipulating for liquidated damages for unlawful detainer.**

A lease by a mining company to an employée of a house used by it in connection with its operations, and intended for occupancy by employees only, stipulating for damages for an unlawful detention by the lessee on the basis of treble the rent contracted for during lawful occupation by him, contained a lawful stipulation for liquidated damages, instead of an unlawful stipulation for a penalty, in view of its terms and the express understanding of the parties.

**6. Frauds, statute of ⬥115(4)—Lease executed by lessee binding on him, though not executed for lessor by person authorized in writing.**

Written lease duly executed by the lessee, "the party to be charged," was binding on him under Code 1907, § 4289, though not executed for the lessor by any person "thereunto lawfully authorized in writing"; such contracts not being lacking in mutuality and validity, though unilateral as to their enforceability.

**7. Frauds, statute of ⬥129(8)—Delivery of possession under lease and payment of rent removed lease contract from statute.**

If a lease was for more than a year to bring it within the fifth subdivision of the statute of frauds, delivery of possession by the lessor or his agent and payment of rent by the lessee removed the contract from operation of the statute.

**8. Landlord and tenant ⬥24(1)—Lease giving right to terminate at pleasure to lessor alone not void.**

A lease of a house from a mining company to its employee was not void, because giving the lessor company alone the right to terminate it at its pleasure, and withholding such right from the lessee; the lessee's right to occupy the premises, though subject to such interruption, being a consideration supporting the agreement.

**9. Landlord and tenant ⬥94(3)—Notice by lessor of intention to terminate effectual as in accordance with lease, though day of termination neither beginning nor end of rent period.**

In unlawful detainer by a mining company to recover premises leased by it to defendant, its employee, notice given by the lessor company to the lessee of its election to terminate the lease, dated October 5, and demanding surrender or possession of the premises on or before October 7, left on October 5 with the person found at the house at the time, the lessee being absent, was appropriate in form and substance, and in accordance with the lease, providing for one day's written notice to vacate given the lessee in person or by leaving copy on the premises, being effectual to terminate the lease on the day specified, though not the beginning or end of a period for which a rent installment was due.

**10. Landlord and tenant ⬥109(1)—Option to terminate must be exercised according to intent.**

The rule that, when option to terminate a lease is granted with the evident intention that it be exercised at the end of a specified interval of tenancy, it must be so exercised, is founded on the intention of the parties, expressed or implied, and cannot be applied in derogation of their intention to the contrary.

**11. Landlord and tenant ⬥291(2)—Statutory demand for possession served by leaving original on premises.**

Statutory demand for possession by a lessor under Code 1907, § 4263, in due form, was effectually served by leaving the original paper "upon the rented premises."

**12. Landlord and tenant ⬥33—Increased rent, impliedly consented to by tenant, was modification of lease.**

Exaction of $7 a month, instead of $6, for two monthly installments of rent, having been impliedly consented to by the tenant, must be regarded as a voluntary modification of the rent provision of the lease, a modification which could be made without affecting other provisions and obligations.

**13. Landlord and tenant ⬥34(5)—Exaction of excess rent not a repudiation of lease by lessor.**

Even if an exaction of excess rent for two months was not assented to by the lessee, the overcharge was not a repudiation of the lease by the lessor, and at most gave the lessee right to claim restitution in some proper way, not a right to resist an action of unlawful detainer after due termination of the lease by the lessor by proper notice.

Appeal from Circuit Court, Jefferson County; Dan A. Green, Judge.

Action in unlawful detainer by the Republic Iron & Steel Company against J. W. Vinyard to recover possession of a house and lot after termination of the lease under which defendant took and held possession. Judgment for plaintiff, and defendant appeals. Affirmed.

The municipal court of Birmingham rendered judgment for the plaintiff, and the defendant took an appeal to the circuit court. In the circuit court the plaintiff refiled its original complaint and added thereto a claim: (1) Attorney's fees of $25 for prosecuting the suit in the municipal court; (2) attorney's

fees of $50 for prosecuting the suit in the circuit court; and (3) $15 for liquidated damages for use and occupation after defendant's refusal to surrender possession on demand— each of said claims being based upon pleaded provisions alleged to be contained in the contract of lease. Defendant demurred to the amended complaint, directed against the several claims for damages, and, the demurrer being overruled, cause was tried by the court without a jury. Plaintiff's witness Meagher testified in substance that he was general superintendent of plaintiff's mine at Sayreton, with general charge of the mine, and the employees and the renting of houses to the employees; that defendant was an employee of plaintiff company, on March 1, 1920; that witness executed said lease as agent for plaintiff and defendant executed it for himself, in witnesses' presence; that defendant took possession under the lease of the premises described in the lease and paid as rent the price stipulated in the lease; that defendant went out on a strike, and left plaintiff's employment on May 8, 1920, and has not been in its employment since; that said rented house is the property of the plaintiff company and is located at Sayreton. Plaintiff then offered in evidence the contract of lease which, omitting several irrelevant parts, is as follows:

"Republic Iron & Steel Company, lessor, hereby leases to the undersigned lessee herein house No. 156, being part of the property of lessor at Sayreton, Alabama, county of Jefferson, Alabama (hereinafter known and designated as said premises), on the following terms and conditions:

"Lessor leases and rents said premises to lessee for and during the term of one year from the date of the execution hereof, and from year to year hereafter. Lessee agrees to pay to lessor rent for said premises at the rate of $72 per annum, payable $6 per month in advance, on the 1st day of each calendar month. This lease is entered into by lessor because of the employment by lessor of lessee, and for this reason the annual rent is fixed at the sum named herein, and it is expressly agreed between lessor and lessee that the reasonable rental value of said premises is treble the amount herein agreed to be paid.

"And if lessee should at any time be discharged with or without cause from the service of lessor, or voluntarily quit the service of lessor, or decline or refuse to perform the work for which said lessee is employed, or the lessor for any reason desires possession of said premises; in either of said events lessor shall have the right to terminate this lease and reenter upon and take possession of said premises, upon one day's written notice to vacate said premises, either given to the lessee in person, or by leaving a copy of said notice upon said premises.

"Upon such termination of the lease, lessee shall only be liable for the rent to the date of its termination, and if rent has been collected beyond that date, it shall be refunded to the lessee upon his demand, provided he vacates said premises according to said written notice, and by failing to so vacate he agrees to forfeit said rent.

"It is understood and agreed that the premises rented are a part of the plant facilities of the lessor, and the failure to have said premises for the occupation by the employees of the lessor would entail upon the lessor great loss.

"It is therefore further agreed between the lessor and the lessee that, should the lessee fail to vacate said premises in accordance with said written notice he will pay, and does hereby agree to pay (in addition to any penalty that is now or may hereafter be provided by law) to the lessor, as liquidated damages, a sum equal to treble the rent for the time thereafter that the lessor is kept out of the possession of said premises, said liquidated damages to be due and payable daily by the lessee at the office of the lessor, without demand, said demand therefor being expressly waived by lessee.

"In the event of the employment of an attorney by the lessor on account of the violation by lessee of any of the conditions of this lease, or for the collection of rent, or for enforcing the rent lien, or for the purpose of securing possession of said premises by unlawful detainer or other legal action, lessee agrees to pay a reasonable attorney's fee, which shall become a part of the debt hereby evidenced, and shall be included as damages in such judgment as may be rendered against lessee. And it is further agreed between the lessor and lessee that $25 is a reasonable attorney's fee for bringing and prosecuting to judgment in a court of a justice of the peace or court of like jurisdiction an unlawful detainer suit for possession of said premises, and that in the event of an appeal from a judgment rendered in the justice court or court of like jurisdiction to the circuit court, that $75 is a reasonable attorney's fee for prosecuting or defending successfully said appeal in said circuit court, and that in the event of an appeal from the circuit court to the Supreme Court of Alabama or other appellate court $100 is a reasonable attorney's fee for prosecuting or defending successfully said appeal to the Supreme Court of Alabama or other appellate court, and that without evidence in relation thereto said judgments may be rendered for the respective services above set forth in the respective amounts above set forth.

"Said lessee waives as to any indebtedness incurred hereunder all right to exemption under the Constitution and laws of Alabama.

"Executed on this the 1st day of March, 1920.          Republic Iron & Steel Company.
                "By J. G. Meagher, Agent.
              "J. W. Vinyard, Lessee."

Plaintiff objected to its introduction on general grounds and also because: (1) It is unilateral and lacking in mutuality with respect to the right of termination given to the lessor exclusively; (2) it is void because it stipulates for a penalty in treble rent in the guise of liquidated damages; (3) it is void, because it does not appear to have been signed by a lawfully authorized agent of the

lessor company; (4) it is void as a lease for more than a year and is not subscribed by the party to be charged or by some person by him thereunto lawfully authorized. These objections being overruled the lease was admitted in evidence.

The witness then identified a paper placed in evidence as a copy of the original notice from plaintiff to defendant of plaintiff's election to terminate the lease. This paper was dated October 5, 1920, and demanded the surrender or possession of the premises on or before October 7, 1920. This notice was left on October 5, 1920, with the person found in the house at the time, the defendant himself being absent. This notice was admitted in evidence over defendant's objection. Plaintiff then offered in evidence a copy of the statutory demand for possession.

The witness testified further that the defendant refused to surrender possession, and is still living in the house; that on April 1, and May 1, 1920, plaintiff collected $7 a month as rent, instead of $6 as originally stipulated, and that this was done pursuant to a recommendation by the Bituminous Coal Commission applicable to all employees in connection with the wage increase of 27 per cent. which became effective at that time. The witness further testified that no one for the plaintiff ever consulted with the defendant or spoke directly to him about said increase in rent, but that the change in rent and wages was publicly posted at plaintiff's pay window, and that the $7 for rent was cut from the wages due at the office, which was shown on the statement to defendant, who signed the receipts and statements so showing, for April and May, and that the change in rent and wages was posted, not only at plaintiff's pay window, but also at the commissaries and other important places. Defendant offered no evidence, and the court rendered a judgment for plaintiff for possession of the property sued for, together with $90 as damages, including $75 as attorney's fees in the two courts and $15 for the period of holding over.

Hartley & Fite, of Birmingham, for appellant.

The court erred in overruling the demurrers to the complaint as amended and in denying motion to exclude claim for damages. 31 Cyc. 391; 47 Ala. 390; 111 Ala. 257, 19 South. 995; 4 Ala. App. 650, 58 South. 1004. The damages sought were a penalty rather than liquidated damages. 178 Ala. 472, 59 South. 455; 196 Ala. 371, 72 South. 73; 168 Ala. 250, 53 South. 313; 166 Ala. 203, 51 South. 874; 136 Ala. 259, 33 South. 808; 85 Ala. 552, 5 South. 149. Court erred in rendering judgment for plaintiff—first, because the lease is void, 174 Iowa, 132, 156 N. W. 319; 71 Misc. Rep. 207, 130 N. Y. Supp. 894; second, the notice to terminate was ineffect-

ual and inoperative, 80 Ala. 536, 2 South. 438; 155 Ala. 252, 46 South. 564; 24 Cyc. 1338.

Percy, Benners & Burr, of Birmingham, for appellee.

There was no error in overruling demurrers to complaint as amended, or in denying defendant's motion. Sections 4280, 4720, Code 1907; 121 Ala. 473, 25 South. 733; 100 Ala. 432, 14 South. 281. The lease was not void under the statute of frauds. 76 Ala. 351; 105 Ala. 629, 17 South. 109; 100 Ala. 431, 14 South. 281; 108 Ala. 252, 19 South. 318; 159 Ala. 462, 49 South. 76. The provisions in the lease giving the lessor the option to terminate the lease and re-enter are valid. 52 Fed. 268, 3 C. C. A. 76; 37 W. Va. 778, 17 S. E. 299; 27 Iowa, 269; 2 Taylor's L. & T. 471; 16 R. C. L. 1108 et seq.; 80 Wash. 489, 141 Pac. 1147, Ann. Cas. 1916B, 307; 57 N. E. 1129; 105 Ala. 629. The provisions of the lease providing for liquidating damages on wrongful holding over are valid and enforceable. 109 Ala. 159, 19 South. 430; 85 Ala. 552, 5 South. 149; 73 South. 525; 178 Ala. 480, 59 South. 455; 168 Ala. 265, 52 South. 896. The provisions for attorney's fees are valid and enforceable. 83 Ala. 424, 3 South. 757, 3 Am. St. Rep. 754. The raising of the rent did not invalidate the lease, nor make it a jury question. 167 Ala. 597, 52 South. 887; 9 Ala. App. 178, 62 South. 567; 17 Ala. App. 263, 84 South. 311. The two notices served were in proper form and effectually terminated the lease. 108 Mass. 150, 11 Am. Rep. 328; 48 Barb. (N. Y.) 551; 24 Cyc. 1338; 5 Cush. (Mass.) 99.

SOMERVILLE, J. [1] The trial of this cause in the circuit court on appeal was, under our statute, de novo. Code, §§ 4280, 4720; Littleton v. Clayton, 77 Ala. 571. This means that, subject only to a restriction of the claim to an amount or value within the jurisdiction of the justice court (Giddens v. Bolling, 92 Ala. 586, 9 South. 274), the trial is had as though the suit originated in the circuit court (L. & N. R. R. Co. v. Lancaster, 121 Ala. 471, 473, 25 South. 733); and a new complaint or an amendment to the old, may be filed by the plaintiff, provided it does not exhibit an entire change of parties plaintiff or defendant, and does not show a departure from, or change in, the original form of action (So. Exp. Co. v. Boullemet, 100 Ala. 275, 13 South. 941; Lagerfelt v. McKie, 100 Ala. 430, 14 South. 281; Littleton v. Clayton, 77 Ala. 571; Smith v. E. T. V. & G. R. R. Co., 98 Ala. 154, 13 South. 7; Swanson v. Brown, 160 Ala. 432, 49 South. 675).

[2] The trial court properly allowed the amendment claiming attorney's fees in each of the trial courts, and rent to the time of the trial, the aggregate amount of which was less than $100. These claims were not based

upon a new or different cause of action, but were for elements of damage growing out of the original unlawful detainer. When damage is not in itself the cause of action, but is the consequence of a completed breach or wrong, it is proper to estimate and award damages therefor, if duly claimed and proven, down to the time of the verdict. Davis v. Ayres, 9 Ala. 292; Fowler v. Armour, 24 Ala. 194; Fay v. Guynon, 131 Mass. 31, 35; Frey v. Cudahy Packing Co. (D. C.) 243 Fed. 205; Sturm v. Cons. Coal Co., 248 Ill. 20, 93 N. E. 345, 21 Ann. Cas. 99; Cosgriff v. Miller, 10 Wyo. 190, 68 Pac. 206, 98 Am. St. Rep. 977; 17 Corp. Jur. 1085, § 395.

[3] By not claiming an attorney's fee for prosecuting the suit in the municipal court, plaintiff did not waive his right to make such a claim on appeal, if he deemed it worth the while. Neither party is thus restricted, and it has been held that the defendant may, on appeal, on a trial de novo, interpose any defense deemed meritorious, though not originally pleaded, except a plea in abatement. Davis Wagon Co. v. Cannon, 129 Ala. 301, 304, 29 South. 841.

[4] It is contended that these several claims, though their payment is stipulated for in the lease contract as liquidated damages, are in fact mere penalties, rendering the contract void in toto, or void at least as to the stipulations in question. It is the settled doctrine of this court that a stipulation for the payment of a reasonable attorney's fee, if the obligee in a contract should employ an attorney to enforce or defend his rights thereunder by reason of the obligor's breach, is not in the nature of a penalty. Wood v. Winship Mach. Co., 83 Ala. 424, 3 South. 757, 3 Am. St. Rep. 754.

"And so, too, it is competent for the contracting parties not only to stipulate for a reasonable attorney's fee to be paid by the maker of a note in the event of the collection after default by an attorney, but to *fix the amount of the reasonableness of such fee* [italics supplied]. This proposition is clearly recognized in the cases of Wood & Bros. v. Winship Mach. Co., 83 Ala. 424, and Ledbetter v. Vinton, 108 Ala. 644." Stephenson v. Allison, 123 Ala. 439, 450, 26 South. 290, 293.

The clear holding of those cases is that, where the parties themselves fix the amount of the fee to be paid, it will be presumed, at least prima facie, that it is reasonable in amount, and that the appearance of counsel of record for the obligee establishes the liability of the obligor to pay the fee as a matter of law, without proof thereof. The trial court properly included in the judgment the amounts claimed as attorney's fees, as ascertained and shown by the contract of lease.

[5] With respect to the damages allowed for the period of the unlawful detention, on the basis of treble the rent contracted for during lawful occupation by defendant, the

contention that the stipulation for damages thus to be estimated must be regarded as a stipulation for a penalty rather than for liquidated damages, cannot be fairly sustained, in view of the terms of the contract and the expressed purpose and understanding of the parties in making it. Our decisions have dealt quite fully with the question of liquidated damages or penalty, as determined by contract stipulation and just principles of construction, and it is not necessary to do more than to merely refer to a few of the leading cases, viz.: Keeble v. Keeble, 85 Ala. 552, 5 South. 149; Henderson v. Murphree, 109 Ala. 556, 20 South. 45; Cleveland C. & C. Co. v. Am. C. I. Pipe Co., 168 Ala. 250, 53 South. 313; Walshe Mfg. Co. v. Smith Lbr. Co., 178 Ala. 472, 59 South. 455; Id., 196 Ala. 371, 72 South. 73; George v. Roberts, 186 Ala. 521, 65 South. 345.

If the lease here in question were one of the ordinary kind, where the purpose is merely to give to the lessee the use of the property, and to the lessor the agreed value of its use, exchanging the one for the other, without ulterior considerations, there would be much force in appellant's contention that the payment of treble rent was intended, and in fact operates, as a penalty, since the ordinary rental value is susceptible of easy and accurate estimation. But the contract itself contradicts this theory, and shows that the house was owned and used by plaintiff in connection with its mining operations, and was intended for occupation by employees, and was leased to this defendant because of his relation to the company as such, and, further, that the reasonable rental value, if leased independently, would in fact be treble the amount exacted from this employee, and that in case of its unlawful detention apart from such use the lessor would suffer great and special loss.

It was competent for these parties to contract upon such an agreement and such an understanding. The intention to protect the lessor against the peculiar and noncalculable injury to its general business which would ordinarily result from the diversion of its miners' houses from their appropriate uses, and the propriety and fairness of that intention, are, we think, too clear for serious controversy. The amount stipulated must therefore be held, as the parties intended it to be, for liquidated damages, and not for a penalty, and the sum awarded in that behalf cannot be pronounced excessive. The case of Walker v. Engler, 30 Mo. 130, is directly in point, and its reasoning is clear and convincing.

[6] The written lease was duly executed by the defendant, who is "the party to be charged," and it was binding upon him, though not executed for the lessor by any person "thereunto lawfully authorized in writing." Code, § 4289; Heflin v. Milton, 69 Ala. 354; Oliver v. Ala. Gold Life Ins. Co., 82 Ala. 417, 2 South. 445; Davis v. Rob-

ert, 89 Ala. 402, 405, 8 South. 114, 18 Am. St. Rep. 126; Lagerfelt v. McKie, 100 Ala. 430, 14 South. 281. Such contracts are not lacking in mutuality and validity, though they be unilateral as to their enforceability.

[7] Moreover, if it be conceded that this lease was by its terms for more than a year, so as to bring it within the fifth subdivision of the statute of frauds, yet the delivery of possession by the lessor or his agent, and the payment of rent by the lessee, removed the contract from the influence of the statute. Shakespeare v. Alba, 76 Ala. 351; Jones v. Gainer, 157 Ala. 218, 47 South. 142, 131 Am. St. Rep. 52; Elliott v. Bankston, 159 Ala. 462, 49 South. 76.

[8] There is no merit in the contention that this contract was void because it gave to the lessor alone the right to terminate the lease at his pleasure, and withheld that right from the lessee. Parties may make such contracts if they choose, and the right of the lessee to occupy and enjoy the premises, though subject to such an interruption, is a consideration of value and will support the agreement. Such contracts have been universally upheld. 24 Cyc. 1339, par. 2; 16 R. C. L. 1108, par. 625; Id. 1111, par. 628; 2 Taylor's Land. & Ten. (9th Ed.) 56, par. 471; Ann. Cas. 1916B, p. 306, note.

[9] The notice given by the lessor to the lessee of its election to terminate the lease was appropriate in form and substance, and in accordance with the terms of the contract, which provided for "one day's written notice to vacate said premises, either given to the lessee in person, or by leaving a copy of said notice upon said premises." Under the clear and explicit terms of the contract, this notice was effectual to terminate the lease on the day specified for the lessee's vacation of the premises, though that day was not the beginning or end of a period for which a rent installment was due.

[10] As observed by the editor of Annotated Cases:

"Frequently the option to terminate a lease is granted with the intention of its being exercised at the end of a specified interval of tenancy, such as a monthly, quarterly, or a yearly, interval, and when such intention is manifest the option must, of course, be exercised in relation thereto." Pacific Warehouse Co. v. McKenzie, etc., Co., Ann. Cas. 1916B, note p. 313, citing, among other cases, Baker v. Adams, 5 Cush. (Mass.) 99, relied upon by counsel for appellant.

But that rule is founded upon the intention of the parties, expressed or implied, and cannot be applied in derogation of their intention to the contrary, as shown by a number of cases cited by the editor of the note referred to, including the case of May v. Rice, 108 Mass. 152, 11 Am. Rep. 328, wherein is found an excellent discussion of the subject. In the lease before us, the implication that the parties intended that the termination of the lease after one day's notice should synchronize with the end of a monthly rental period is not only rebutted by the provision itself and the general tenor of the contract, but it is in fact rendered impossible by the further provision that upon such termination—

"the lessee shall only be liable for the rent to the date of the termination, and if rent has been collected beyond that date it shall be refunded to the lessee upon his demand, provided he vacates according to said written notice, and by failing to vacate he agrees to forfeit said rent."

[11] The statutory demand for possession (Code, § 4263) was in due form and was effectually served by leaving the original paper "upon the rented premises," as authorized by the statute.

[12, 13] The exaction of $7 a month, instead of $6, for the April and May installments of rent, was impliedly consented to by the tenant, and must therefore be regarded as a voluntary modification of that provision of the lease— a modification which they could properly and validly make without affecting other provisions and obligations. Hertz v. Montgomery Journal, 9 Ala. App. 178, 62 South. 565. Moreover, as suggested by counsel for appellee, even if not assented to by the lessee, the overcharge was in no sense a repudiation of the lease, and at most gave to the lessee a right to claim its restitution in some proper way.

We have given thorough consideration to all of the questions argued by counsel, and our conclusion is that the judgment of the trial court is not infected with error, and must be affirmed.

Affirmed.

All the Justices concur, except MILLER, J., not sitting.