

# THE ATTORNEY GENERAL
# OF TEXAS

March 7, 1988

**JIM MATTOX**
**ATTORNEY GENERAL**

Honorable Frank Hill
Kendall County Attorney
207 E. San Antonio Street
Boerne, Texas 78006

Opinion No. JM-869

Re:    Whether a "ticket"
given to a defendant may
serve as the complaint in
a trial de novo in county
court (RQ-1196)

Dear Mr. Hill:

You ask whether a "ticket" given to a defendant may
serve as the complaint in a trial de novo in county court.

Section (d) of article 27.14 of the Code of Criminal
Procedure, as amended by Acts 1985, 69th Leg., ch. 87, at
514, effective September 1, 1985, provides:

> If written notice of a traffic violation
> for which maximum possible punishment is by
> fine only or of a violation relating to the
> manner, time, and place of parking has been
> prepared, delivered, and filed with the
> court and a legible duplicate copy has been
> given to the defendant, <u>the duplicate copy
> serves as a complaint to which the defendant
> may plead 'guilty,' 'not guilty,' or 'nolo
> contendere.' If the defendant pleads 'not
> guilty' to the offense, a complaint shall be
> filed that conforms to the requirements of
> Article 45.01</u>, Code of Criminal Procedure,
> 1965, and that complaint serves as an
> original complaint. A defendant may waive
> the filing of a sworn complaint and elect
> that the prosecution proceed on the written
> notice of the charged offense if the
> defendant agrees in writing with the
> prosecution, signs the agreement, and files
> it with the court.

Articles 44.17 and 44.18 of the Code of Criminal
Procedure govern the conduct of a trial de novo in county

p. 4211

court upon appeal of a judgment from a justice court or municipal court. Article 44.17 provides:

> In all appeals to a county court from justice courts and municipal courts other than municipal courts of record, the trial shall be de novo in the trial in the county court, the same as if the prosecution had been originally commenced in that court. An appeal to the county court from a municipal court of record may be based only on errors reflected in the record.

Article 44.18 provides:

> In appeals from justice and corporation courts, all the original papers in the case, together with the appeal bond, if any, and together, with a certified transcript of all the proceedings had in the case before such court shall be delivered without delay to the clerk of the court to which the appeal was taken, who shall file the same and docket the case.

These provisions have been interpreted to mean that it is not necessary for the prosecution to file an information in county court when a judgment is appealed from a justice court or municipal court "because the original complaint in the justice court serves as the functional equivalent of an information in the county court." Blevins v. State, 672 S.W.2d 828, 829 (Tex. App. - Corpus Christi 1984, no pet.).

You ask whether the rule of Blevins applies in a case in which a person pleaded guilty or nolo contendere to a traffic complaint in the lower court, appealed the lower court judgment, and then pleaded not guilty in the county court. You ask whether a ticket, which would have been a proper complaint in the lower court because of the defendant's plea of guilty or nolo contendere, could serve as the complaint in the county court after the defendant pleaded not guilty.

The Texas Supreme Court in Southern Canal Co. v. State Board of Water Engineers, 318 S.W.2d 619 (1958), reviewed the scope of a trial de novo in county court. The court stated as follows:

In <u>Lone Star Gas Co. v. State</u>, 137 Tex. 279, 153 S.W.2d 681, 692, we said: 'Power to try a case de novo <u>vests a court with full power to determine the issues and rights of all parties involved, and to try the case as if the suit had been filed originally in that court</u>.' The sine qua non of a de novo trial as that term is used to describe a <u>retrial of a matter or controversy</u> theretofore tried by another tribunal is the <u>nullification</u> of the judgment or order of the first tribunal and a <u>retrial of the issues on which the judgment or order was founded</u>. When jurisdiction of the second tribunal attaches, the judgment or order of the first tribunal is not merely suspended, but is nullified. Examples of that type of trial are found in our statutes applicable to appeals from Justice Court judgments and from awards made by the Industrial Accident Board.

Section 16 of article 5 of our state constitution provides: 'In all appeals from Justices Courts there shall be a trial de novo in the County Court . . .' In interpreting and applying that provision it is held that the perfection of an appeal from a judgment of a Justice Court to a County Court <u>annuls</u> the Justice Court judgment. (Last emphasis in original; others added.)

318 S.W.2d at 622.

The Alabama Supreme Court in <u>Vinyard v. Republic Iron and Steel Co.</u>, 87 So. 552 (1921), had before it the issue of whether a new or amended complaint could be filed in a trial de novo. In <u>Vinyard</u>, the court stated that a new or amended complaint may be filed, "provided it does not exhibit an entire change of parties plaintiff or defendant, and does not show a departure from, or change in, the original form of action." 87 So. at 555.

<u>Vinyard</u> appears to be consistent with language in <u>Southern Canal</u> that in a trial de novo there shall be a <u>retrial of the issues on which the judgment was founded and the case shall be tried as if it had been originally filed in that court</u>.

You suggest that a defendant cannot object to the use of the duplicate copy of the notice of violation as a complaint for the first time in the trial de novo. Since <u>the trial de novo vests the court with full power to determine the issues and rights of all parties involved as if the suit had been originally filed in that court,</u> it follows that a defendant may raise a question about the pleading for the first time in the de novo trial.

Therefore, we think that the language of articles 44.17 and 44.18 must yield to the language of article 27.14. Section (d) of article 27.14 provides that a complaint shall be filed upon the defendant entering a plea of "not guilty." Where the conviction has been based on the notice of violation (serving as a complaint in the inferior court) and upon trial de novo in the county court the defendant enters a plea of "not guilty," a complaint should be filed. The offense charged in the complaint must be the one alleged in the inferior court upon which the defendant was convicted. If the plea in the county court de novo trial is "guilty" or "nolo contendere" the duplicate copy of the notice upon which the conviction was based in the inferior court may serve as the complaint.

S U M M A R Y

Where a conviction in an inferior court is based on a plea of "guilty" or "nolo contendere" in a case where the notice of violation serves as the charging instrument pursuant to section (d) of article 27.14, Code of Criminal Procedure, a complaint should be filed in a trial de novo in the county court upon a plea of "not guilty" being entered by the defendant. The complaint must allege the same offense as the one charged in the inferior court. If the plea in the de novo trial in county court is "guilty" or "nolo contendere," the duplicate copy of the notice of violation upon which the conviction was based in the inferior court may serve as the complaint.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tom G. Davis
Assistant Attorney General